## Commonwealth *v.* Cronin, Appellant.

470

Argued September 26, 1939.   Before SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

*Frank D. Prather,* of *Peters & Prather,* with him. *Howard N. Plate,* for appellant.

*Arthur Wessel, Jr., Raymond D. Evans, Claude T. Reno,* Attorney General, *George W. Keitel,* Assistant Deputy Attorney General, and *Thomas S. Mszanowski,* for appellee, were not heard.

OPINION BY MR. JUSTICE BARNES, November 27, 1939:

On July 25, 1938, the defendant, who resides in Erie County, while operating his automobile upon a state highway near Meadville, in Crawford County, was apprehended by a Pennsylvania Motor Policeman and charged with exceeding the maximum limit of fifty miles an hour prescribed by Section 1002 (b) of The Vehicle Code, as amended by the Act of June 5, 1937, P. L. 1718. Summary proceedings under the penalty provision of the Code were not brought against defendant, but a written report of the alleged violation was forwarded by the motor police to the Secretary of Revenue.

A few days later the defendant was notified to appear before a representative of the Secretary, at a time fixed in the notice, to show cause why his operator's license should not be suspended, in accordance with the provisions of Section 615 (b) of the Code.[1] Defendant attended the hearing and was interrogated by the hearing inspector regarding the alleged violation of the speed law. During the course of his examination he was informed that the report filed by the motor police with the Secretary of Revenue charged him with driving on July 25, 1938, at a speed of sixty miles an hour. The motor policeman was not present at this hearing.

A further hearing was held on September 9, 1938, at which the officer appeared and testified in support of his report of the violation charged against defendant. Neither the defendant nor his counsel received notice of, or was present at this hearing, and no opportunity was afforded them to cross-examine the policeman. Subsequently defendant received written notice from the Secretary of Revenue that his operating privilege was suspended for a period of ninety days beginning September 26, 1938, because of his violation of the speed law. An appeal was thereupon taken by defendant to the court below, pursuant to the provisions of Section 616 of The Vehicle Code (75 PS Sec. 193).[2] In his petition for the hearing provided by this Section defendant asked that the order of the Secretary be stayed

---

[1] Section 615 (b) of The Vehicle Code, as amended by the Act of June 29, 1937, P. L. 2329, 2358 (75 PS Sec. 192) reads in part as follows:

"(b) The Secretary may suspend the operator's license or learner's permit of any person, after a hearing before the secretary or his representative, or upon failure of the said person to appear at such hearing, whenever the secretary finds upon sufficient evidence: . . . (2) That such person has committed any violation of the motor vehicle laws of this Commonwealth."

[2] Section 616 of The Vehicle Code gives to the operator whose license has been suspended by the Secretary of Revenue the right to petition the common pleas court of the county wherein he re-

until final disposition of the proceeding. A supersedeas was accordingly granted.

Thereafter a hearing de novo of the alleged violation was held in the court below. The motor policeman testified that he had timed the defendant for a distance of a mile or more, and at that time he drove his automobile at a speed in excess of that allowed by law. The officer was then cross-examined at length upon the testimony so given. On his own behalf defendant denied that the speed at which he was then driving was in excess of fifty miles an hour.

Upon consideration of the testimony presented at this hearing the court below found as a fact that the defendant had operated the automobile at a speed of approximately sixty miles an hour for the distance of a mile or more, and that the violation of The Vehicle Code as charged was established. It ordered a suspension of the operator's license for a period of ninety days, with allowance for the nine days during which the Secretary's order was in effect. The defendant then appealed to this Court, and again on his motion an order for a supersedeas was made.

The power of the Secretary to suspend an operator's license for a violation of The Vehicle Code is not here questioned, but defendant asserts that the proceedings before the Secretary were so irregularly conducted that he was deprived of fundamental rights of property under the Federal and State constitutions. He contends that he was deprived by the Secretary of his right to confront and cross-examine the motor policeman who brought the charge of the violation, and that the taking the testimony of the officer without notice to him and in his absence, was denial of due process of law.

---

sides for a hearing. The court, upon notice to the secretary, is vested with jurisdiction "to set the matter down for hearing," and "to take testimony and examine into the facts of the case, and to determine whether the petitioner is subject to suspension of [his] operator's license . . . under the provisions of this act."

With this contention we cannot agree. A license to operate an automobile upon the highways of the Commonwealth is a privilege and not a property right, and the power of the Secretary of Revenue to suspend or revoke such operating privileges is an administrative and not a judicial function: *Com. v. Funk*, 323 Pa. 390. While the requirement of due process of law extends to administrative as well as judicial proceedings, due process is not synonymous with judicial process: *National Auto Corp. v. Barfod*, 289 Pa. 307, 311; *Reetz v. Michigan*, 188 U. S. 505, 508.

In *Com. v. Funk*, supra, the procedure to be followed by the Secretary when suspending or revoking licenses received our consideration, and we held that the procedure prescribed by The Vehicle Code fully satisfies all the requirements of due process of law. There we said (p. 397): "Suspension of the licensee's operating privilege is authorized only when the Secretary finds upon sufficient evidence that the offenses enumerated have been committed. Section 616 allows an appeal to the courts of common pleas wherein the licensee resides. The licensee is given an opportunity to be heard and to produce witnesses in his own defense. The whole machinery of the law is available in his behalf."

Further, with respect to the proceedings in the court of common pleas, we said (p. 399): ". . . it is the duty of the court *to hear de novo* the witnesses of the Commonwealth and the witnesses of the licensee, and, from the testimony taken, to determine anew whether the operator's license should be suspended." At such hearing neither the action of the Secretary nor the testimony taken before his representative is properly part of the record of the case. In these respects the proceeding resembles that followed on appeal from a judgment obtained before a justice of the peace, or a magistrate: *Steward v. Renner*, 87 Pa. Superior Ct. 411; *Com. v. Hunter*, 107 Pa. Superior Ct. 513; *Com. v. Scott-Powell Dairies*, 128 Pa. Superior Ct. 598.

It is our conclusion that the hearing de novo in the court below protected defendant against an arbitrary exercise of power on the part of the Secretary. It gave defendant his day in court, and with it the right to present every available defense which he possessed against the suspension of the license. Regardless of whether he was accorded a proper hearing before the Secretary, it is certain that the hearing de novo remedied the infringement of any constitutional right of which defendant may have been deprived. Therefore it is immaterial that he was not afforded an opportunity to confront his accuser and to cross-examine him. This right is one guaranteed under the Constitution to a defendant in a criminal proceeding: *Gaines v. Washington,* 277 U. S. 81; *Snyder v. Massachusetts,* 291 U. S. 97; *Howser v. Com.,* 51 Pa. 332, and it is not necessary for the purposes of this case to decide whether such guarantee extends to a party in an administrative proceeding.

We are free to say, however, that the procedure followed by the Secretary, in cases of this character, (i. e. taking the testimony at different times and places of the licensee charged with a violation of The Vehicle Code, and of the arresting officer who brings the charge), is not the most desirable under the circumstances. While it may be permissible by law, especially in view of the right of the licensee to appeal to the court of common pleas, it does not, in our opinion, conform to the rudimentary requirements of fair play, and afford an open and impartial hearing. If the licensees are given full opportunity to present their defense before the hearing inspectors, and to cross-examine their accusers asserting charges against them, many unnecessary appeals to the court from the action of the Secretary will be avoided.

As we have seen, while an appeal to the common pleas court is expressly authorized by Section 616 of The Vehicle Code, the statute is silent with respect to the right

of the licensee to appeal from the order there made. However, it is well settled that where the right of appeal is not provided by statute, but is not prohibited, it is our duty to examine the testimony to determine whether the findings of the court below are supported by competent evidence, and to correct any conclusions of law erroneously made: *Weinbach's Appeal,* 316 Pa. 333; *Rimer's Contested Election,* 316 Pa. 342; *Fleming v. Prospect Park Board,* 318 Pa. 582; *Elkland Leather Workers' Ass'n. Inc.,* 330 Pa. 78. Accordingly we have examined the record of the present case, and are satisfied that the evidence supports the finding that appellant was guilty of a violation of the speed limit fixed by The Vehicle Code, and that it was not error for the court to order the suspension of his operator's license.

The order of the court below is affirmed, and the record is remitted with directions that the operator's license of appellant be suspended for a period of ninety days from the date hereof, less the nine days during which the order of the Secretary of Revenue, dated September 26, 1938, was in effect prior to the date of the supersedeas entered in the court below. Costs to be paid by appellant.