## Hardwick Automobile License Case.

Argued November 30, 1943. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*E. A. DeLaney,* with him *George W. Keitel,* Deputy Attorneys General, *Abraham J. Levy,* Special Deputy Attorney General, and *James H. Duff,* Attorney General, for appellant.

*Harry L. Clark,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, January 3, 1944:

On May 27, 1942, Lew Hardwick was arrested for exceeding the statutory speed limit for a tractor-trailer.[1] Hearing before a magistrate was dispensed with, the fine being paid by money order. Subsequently, after hearing before a representative of the Secretary of Revenue, on August 3, 1942, Hardwick's operating privileges were suspended for a period of ninety days, beginning October 19, 1942.

Upon appeal to the court below from the action of the Secretary, Hardwick established that he had been operating a truck for twelve years; that he had driven a tractor-trailer every day for the past six years; that he was traveling at a speed of 45 to 47 miles per hour;

---

[1] Act of May 1, 1929, P. L. 905, as amended by the Act of April 15, 1941, P. L. 17 (75 P.S. 501).

and, that he paid a fine of $12.50 to prevent the expense of appearing at the hearing. The court below concluded that the "case does not appear so grave as to warrant a double penalty" and sustained the appeal. The Commonwealth took this appeal.

We said in *Handwerk Automobile License Case*, 348 Pa. 263, decided this day: "The obvious intent of the legislature was to vest in the several courts of common pleas broad discretionary power . . . In the exercise of the broad power thus conferred by the legislature, the courts are to administer justice according to the evidence and circumstances presented, and the action of a lower court will not be disturbed except for manifest abuse of discretion."

There is nothing in the record requiring this Court to hold that there has been a manifest abuse of discretion by the court below.

Order of the court below is affirmed. Costs to be paid by the Commonwealth.