Bureau of Highway Safety, Appellant, *v.* Wright.

Argued September 30, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

308

*Wendell R. Good,* Special Deputy Attorney General, with him *E. A. DeLaney,* Deputy Attorney General, and *James H. Duff,* Attorney General, for appellant.

*Maurice J. Coughlin,* for appellee.

OPINION BY MR. JUSTICE JONES, December 4, 1946:

Kenneth Wright, the appellee, while driving his passenger automobile on a two-lane paved public highway in Erie County between five and five thirty o'clock in the afternoon of March 3, 1945, attempted to pass a bus, travelling in the same direction, at a place where the highway curved sharply to the right facing in the direction of the travel indicated. The speed of the bus was from forty to forty-five miles per hour. It was still daylight; the weather clear; and visibility good. The testimony as to the condition of the road was conflicting, but Wright testified that it was icy. In the course of the maneuver, Wright lost control of his automobile due, as he said, to its skidding. It ran off the highway into brush at the side of the road where it upset with resultant injury to Wright and his two guests.

Wright was arrested at the scene of the accident by a State policeman on a charge of reckless driving; and, at the ensuing hearing before a local justice of the peace, he was found guilty of the offense charged and sentenced to pay a fine ($10.00) and the costs of prosecution ($2.50) which he did forthwith. A few months later, the Secretary of Revenue, acting by a duly authorized representative, cited Wright to a hearing for the purpose of determining whether his conduct in connection with the motor vehicle violation above-mentioned warranted a suspension of his operator's license. On the basis of the proofs adduced at the departmental hearing, the Secretary suspended Wright's operator's license for a period of two months. On appeal, the court below reversed the decision of the Secretary and reinstated the

license. From that order, the Commonwealth has appealed. The question involved is whether the conclusion upon which the court below based its order constituted error.

The Secretary's right to act as he did in the premises is not open to dispute. In the circumstances shown, he was clothed with express authority in relevant regard by Sec. 615 of the Vehicle Code of 1929, as amended: 75 P.S. § 192 (b) 2. On the other hand, a licensee aggrieved by an order of suspension entered by the Secretary has a right of appeal therefrom to the court of common pleas of the county of his residence: Sec. 616 of the Vehicle Code, as amended (75 P.S. § 193). Upon such an appeal, the case is heard by the court *de novo*: *Handwerk Automobile License Case*, 348 Pa. 263, 264-265, 35 A. 2d 289; *Commonwealth v. Irwin*, 345 Pa. 504, 507, 29 A. 2d 68; *Commonwealth v. Cronin*, 336 Pa. 469, 473, 9 A. 2d 408; *Commonwealth v. Funk*, 323 Pa. 390, 399, 186 A. 65. As the statute neither provides for nor prohibits an appeal from a common pleas court's exercise of its jurisdiction in such regard, a review by this Court is limited to an examination of the testimony "to determine whether the findings of the court below are supported by competent evidence, and to correct any conclusions of law erroneously made": see *Commonwealth v. Cronin*, supra, at p. 475. In short, the action of the hearing court in a case such as the present may not be interfered with upon appeal except for a manifest abuse of discretion or error of law: *Handwerk Automobile License Case*, supra; *Hardwick Automobile License Case*, 348 Pa. 266, 267, 35 A. 2d 291; *Schwartz Automobile License Case*, 348 Pa. 267, 268, 35 A. 2d 290; *Commonwealth v. Irwin*, supra, and *Commonwealth v. Cronin*, supra. We think the record now before us presents such error.

The lower court specifically based its reinstatement of the operator's license on the ground that the sus-

pension of it was ". . . nothing more than an additional punishment added arbitrarily to the one already inflicted [viz., the fine and costs imposed by the justice of the peace]". The provisions of the Vehicle Code admit of no such conclusion. The proceeding before the justice of the peace on the information made by the arresting officer was without relation to or effect upon the right to suspend the operator's license for his violation of the Code: cf. *Commonwealth v. Funk,* supra, at p. 393 et seq. The first mentioned proceeding called for an exercise of the judicial function while the second called for an exercise of the administrative function: cf. *Commonwealth v. Cronin,* supra, at p. 473. In *Oesterling Appeal,* 347 Pa. 241, 243, 31 A. 2d 905, the fact that an operator had paid a fine for driving at an excessive rate of speed did not constitute a bar to the suspension of the offending operator's license for the violation. The basis upon which the court below acted in the instant case was erroneous as a matter of law. If that were all, we should be compelled, in reversing, to remand for the hearing and determination contemplated by Sec. 616 of the Vehicle Code. Fortunately, however, the court below conducted the required hearing and made findings of fact upon which a final disposition of the matter can now be made.

Upon an appeal from a suspension by the Secretary of Revenue of an operator's license, it is not only the duty of the court to hear *de novo* the witnesses for the Commonwealth and those for the licensee, but it is also the court's duty "to determine anew [*from the testimony taken*] whether the operator's license should be suspended": see *Commonwealth v. Funk,* supra, at p. 399, quoted in like connection a number of times and uniformly followed. No determination, so supported, was made by the court below. On the contrary, the learned hearing judge found, and the findings are fully supported by the testimony, that the licensee "was guilty

of reckless driving" and that "the officer making the arrest would have been derelict in his duty had he not made the arrest". Such findings necessarily operated to justify the suspension of the license. As we said in *Oesterling Appeal*, supra, at p. 243, in quoting from *Commonwealth v. Funk*, supra: " 'Suspension of the licensee's operating privilege is authorized . . . when the Secretary finds upon sufficient evidence that the offenses enumerated have been committed . . . The Secretary of Revenue [fulfills] the statutory mandates by holding the hearing and by finding [upon sufficient evidence] that the [licensee has] violated the motor vehicle laws of this Commonwealth' ". The lower court's reinstatement of the license, in direct denial of its own relevant and supported findings, amounted to an abuse of discretion. The jurisdiction conferred by Sec. 616 of the Vehicle Code upon courts of common pleas does not authorize them to act either arbitrarily or capriciously with respect to the reinstatement of a suspended license. There must be a justifiable factual basis for the court's action in the premises.

An examination of our cases where reinstatement by a court of common pleas of an operator's suspended license has been sustained will disclose that the alleged actionable violation of the Code was either doubtful or at least not clearly proven under the testimony adduced at the hearing in court on appeal. Thus, in the *Handwerk* case, supra, the court concluded that "the evidence [was] equally balanced" on the question of the licensee's alleged violation of the speed limit prescribed by the Code. In the *Hardwick* case, supra, the mistaken idea of "a double penalty" did creep into the lower court's opinion, but the basis of decision was that the licensee's guilt of a violation of the Vehicle Code was not so clearly established by the evidence as to warrant a suspension of his license. In the *Schwartz* case, supra, the trial court concluded that "at most, 'he [the licensee] was

guilty merely of a technical violation' ". In the instant case the court below justifiably found the appellant to have been guilty of reckless driving, without a suggestion of a single word in mitigation of the offense which, indeed, is not to be found in the record.

The order of the court below is reversed and the cause remanded with directions that the order of suspension entered by the Secretary of Revenue be reinstated for its period of two months less so much time as had expired between the entry of said order of suspension and its supersession by the court below; the costs to the parties to be borne by them respectively.