## Bureau of Highway Safety v. Heller

*M. J. Coughlin*, for appellant.
*J. L. Ostrow*, for Highway Safety Bureau.

LAUB, J., April 24, 1947.—This is an appeal from the suspension of appellant's privilege to operate a motor vehicle by the Secretary of Revenue. Upon the petition we held a hearing de novo.

Appellant was arrested March 29, 1946, in Perry Township, Mercer County, for speeding. The procedure followed by the State police in gathering the evidence of his violation was without fault. They timed him over a distance in excess of one quarter of a mile

and used a vehicle equipped with a speedometer which had been tested for accuracy within 30 days prior to the alleged violation. Since the violation occurred outside a business or residence district and where there were no official speed limit signs erected, this procedure was proper: The Vehicle Code of May 1, 1929, P. L. 905, sec. 1002, as variously amended, 75 PS §501.

At the time of arrest appellant paid the fine and costs without obligation. Although the transcript of the justice of the peace was not available at the hearing, we assume, from the testimony, that appellant pleaded guilty to the offense. In any event, we have the testimony of the State policeman which clearly indicates the violation.

Appellant stresses the point that he is the night manager of a taxicab company and that his employment requires the constant and continued operation of his automobile in his business which is his only means of livelihood. In Bureau of Highway Safety v. Wright, 355 Pa. 307, we learned that a reversal of the secretary on such grounds is error. In that case we reversed the order on the theory that the suspension after the payment of a fine and costs was an additional punishment arbitrarily added to the one already inflicted. There was in the record, however, evidence that appellant depended upon his operating privilege for earning a living for his family. In reversing our conclusions the Supreme Court held that since the violation of the statute was proved we could not reverse the secretary and concluded that there was not a "single word in mitigation of the offense which, indeed, is not to be found in the record". This is a clear indication that we may not consider the present argument of appellant in the light of mitigation, and that, since he obviously violated The Vehicle Code, the suspension must be sustained.

And now, April 24, 1947, the secretary's order of suspension is sustained, and defendant's license to drive a motor vehicle is suspended for a period of 90 days from May 1, 1947, less the number of days the suspension was in force prior to the appeal to this court. The costs shall be paid by defendant.