## Commonwealth v. Teats

*M. Luther Harter*, for Commonwealth.
*J. Donald Steele*, for defendant.

TROUTMAN, J., May 26, 1948.—The Secretary of Revenue suspended petitioner's operating privileges for a period of one year dating from December 30, 1947, for the reason that he was guilty of the violation of section 304 (e) of article III of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §64, and had pleaded guilty to the same in the Court of Quarter Sessions of the Peace in and for the County of Northumberland.

Section 304 (e) of the Act of 1929, supra, as amended, provides "it shall be unlawful for any person to remove or transfer an engine number or manufacturer's serial number unless such person shall have applied and been issued a license as herein required". The violation of this section constitutes a misdemeanor.

Under the authority granted to the Secretary of Revenue in section 615, art. VI of The Vehicle Code of 1929, as amended, 75 PS §192, the secretary may suspend the operator's license of any person who has been convicted of a misdemeanor in the commission of which a motor vehicle was used or where the person has committed any violation of the motor vehicle laws of this Commonwealth.

An appeal was taken to this court by Woodrow W. Teats, licensee whose operating privileges were suspended, in accordance with the provisions of section 616 of The Vehicle Code, as amended, supra, 75 PS §193.

In the Court of Quarter Sessions of Northumberland County on May 26, 1947, appellant pleaded guilty to a violation of section 304 (e), art. III of the Act of 1929, supra, and in accordance therewith, sentence was imposed upon defendant that he pay the costs of prosecution and undergo imprisonment in the Northumberland County jail for a period of one calendar month, the sentence of imprisonment to be suspended as of May 26, 1947.

At the hearing on this appeal, William J. Early, a member of the Pennsylvania State Police, testified that he was called to the Bardley Service Station at Linden, Pa., where he checked a motor, whose number was filed and had been defaced. This motor was brought to the Bradley garage by Leonard Carl of Northumberland, Pa., who stated that he had bought the motor from appellant. Upon interviewing appellant relative to the defacing of the motor number, appellant stated that he had filed the numbers from this motor and had then sold it to Mr. Carl. He signed a statement in which he stated that he had purchased a new motor from his brother, Ralph Teats, a garage man of Paxinos, Pa., who placed the new motor in the Plymouth sedan owned by appellant. The brother, Ralph, stenciled the numbers which were on the old motor on to the new motor. The numbers remained on the old motor until May 7, 1947, when appellant and his wife filed them off.

Appellant testified that he did not know that it was unlawful for him to remove and deface the motor number of the old motor, that he followed the advice of his brother Ralph Teats, who was in the garage business and that this was the first time that he had ever bought a new motor for an automobile. He further testified that he is employed as a salesman for the Keithan Bakery of Sunbury and it is necessary for him to drive a truck in the performance of his duties which cover two routes, one toward Milton and Lewisburg and the other to Trevorton and Shamokin. He has been driving a retail bread truck since 1939, and can only cover his routes by motor vehicle.

Clearly, appellant violated a section of The Vehicle Code and, as a matter of fact, pleaded guilty to such a violation. The only extenuating circumstance offered by appellant is ignorance of the law. However, the evidence clearly shows that he removed the number from the motor and sold the same to Leonard Carl

without any number whatsoever appearing on the motor. We are of the opinion that there were sufficient circumstances brought to the attention of appellant which should have made him hesitate to sell this motor without obtaining advice concerning the same. We sympathize with appellant and his family relative to the effect which a suspension of his operating privilege may have upon his employment. While the court has jurisdiction in appeals of this nature to hear de novo, the witnesses of the Commonwealth and of licensee, and, from the testimony taken to determine anew whether the operator's license should be suspended (Commonwealth v. Funk, 323 Pa. 390, 399), yet such jurisdiction does not authorize the court to act either arbitrarily or capriciously with respect to the reinstatement of a suspended license; there must be a justifiable factual basis for the court's action in the premises. See Bureau of Highway Safety v. Wright, 355 Pa. 307.

Therefore, the appeal in this case must be dismissed. However, due to the serious economic situation which might arise because of appellant's inability to drive his truck in the performance of his duties as a bakery salesman and for the reason that the violation which forms the basis of the suspension was committed in ignorance of the law, it would seem a just and proper case for the Secretary of Revenue to make some provision for the issuance of a restricted license for the purpose of permitting appellant to perform the duties of his employment. The court makes this as a suggestion rather than as a direction to the Department of Revenue.

### Order

And now, to wit, May 26, 1948, the appeal in this case is dismissed and the order of the Secretary of Revenue suspending the operating privilege of appellant for a period of one year is affirmed. Costs to be paid by appellant.