## Commonwealth v. Miller

*Norman T. Petow*, for appellant.

*Arthur Markowitz*, for Commonwealth.

ANDERSON, J., July 12, 1948.—This matter comes before the court on an appeal from an order of the Secretary of Revenue suspending permanently the operating privileges of Roy E. Miller as an habitual violator of The Vehicle Code. As required in such proceedings testimony was taken before the court and from the testimony and the record, all of which is within a very limited scope, we gather the following factual situation. On March 20, 1947, appellant was arrested for speeding and as a result of this alleged violation he was ordered to appear for a hearing before the repre-

sentative of the department on April 30, 1947, and on June 17, 1947, his operating privilege was suspended permanently for the reason that he was an "habitual violator". He appealed this finding to the court of common pleas as permitted by law and the case was heard de novo as required: Commonwealth v. Funk, 323 Pa. 390. At this hearing, however, the Commonwealth offered no testimony whatever with reference to the speeding charge but relied entirely on the record of appellant's conviction on this charge and his previous alleged violations as shown by the department records, stating:

"Mr. Markowitz: If the court please, the Commonwealth will rest on that record. I want the record to show that I attempted to introduce this in evidence.

"The Court: Do I understand it to be correct that the Commonwealth will offer no testimony pertaining to the violation in question, speeding, from which there was an appeal?

"Mr. Markowitz: We will offer no testimony with respect to that violation, for the reason that the record shows that he was convicted and paid a fine."

Counsel for appellant contends that the appeal should be sustained for a two-fold reason. First, because there is no authority in the law conferring the right to suspend an operator's license because he is an habitual violator, and, secondly, because no testimony whatever was offered before the court at the hearing on the appeal on the merits of the speeding charge. A careful consideration of the whole matter convinces us that these contentions are valid. The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 27, 1939, P. L. 1135, paragraph 9, provides that "The Secretary may suspend the operator's license or learner's permit of any person, after a hearing before the Secretary or his representative, whenever the Secretary finds upon sufficient evidence" and thereafter follows a number of reasons which warrant the secretary's

taking such action. Nowhere in the list, however, do we find that the license may be suspended for the reason that one is an habitual violator. If such a reason were included then it would be necessary for the law to define an habitual violator. Does it mean one who has violated the code thrice, six or 20 times? The statute does provide, however, that the secretary may suspend upon finding that one has committed any violation of the motor vehicle laws of the Commonwealth, so that in this case if the secretary had determined upon hearing had that appellant had so violated the vehicle laws, he could have suspended the license for that reason and the question then before the court would have been whether the licensee had violated the vehicle laws and whether the secretary was justified in suspending the operator's license or whether he acted arbitrarily and unreasonably in so doing. The proceeding before the justice of the peace concerning the alleged violation is without relation to or effect upon the right to suspend the operator's license for his violation of the code. The first proceeding calls for an exercise of the judicial function while the second is an administrative one: Bureau of Highway Safety v. Wright, 355 Pa. 307. Since no testimony whatever was offered before the court to indicate that appellant was guilty of violating The Vehicle Code, although every opportunity to do so was afforded, we can come to no conclusion of guilt on that issue and since there is no provision in the law authorizing the suspension because of being an habitual violator, the appeal must be sustained. We come to this decision with some reluctance since the record of appellant as submitted indicates that he is a flagrant violator of The Vehicle Code and no doubt should be subjected to proper disciplinary action by the department, but since there is a proper method to accomplish the purpose which was not followed, the court cannot approve the accomplishing of a proper purpose by improper means.

And now, to wit, July 12, 1948, it is therefore ordered, adjudged and decreed that the appeal of Roy E. Miller from the action of the Secretary of Revenue in suspending permanently his operating privilege is sustained and the said suspension is revoked and annulled.