## Teats Appeal

*Daniel W. Kearney,* for appellant.

*M. L. Harter, Jr.,* for Secretary of Revenue.

TROUTMAN, J., August 2, 1948.—The Secretary of Revenue suspended petitioner's operating privileges for a period of one year dating from December 30, 1947, for the reason that he was guilty of the violation of section 304(e) of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §64, and had plead guilty to the same in the Court of Quarter Sessions of the Peace in and for the County of Northumberland, Pa.

Section 304(e) of The Vehicle Code of 1929, supra, as amended, provides "it shall be unlawful for any person to remove or transfer an engine number or manufacturer's serial number unless such person shall have applied and been issued a license as herein required". The violation of this section constitutes a misdemeanor.

Under the authority granted to the Secretary of Revenue in section 615 of The Vehicle Code of 1929, as amended, 75 PS §192, the Secretary may suspend the operator's license of any person who has been convicted of a misdemeanor in the commission of which a motor vehicle was used or where the person has committed any violation of the motor vehicle laws of this Commonwealth.

An appeal was taken to this court by Ralph Teats, the licensee whose operating privileges were suspended, in accordance with the provisions of section 616 of The Vehicle Code, as amended, supra, 75 PS §193.

In the Court of Quarter Sessions of Northumberland County on May 26, 1947, appellant plead guilty to a violation of section 304(e) of The Vehicle Code of 1929, supra, and in accordance therewith, sentence was imposed upon defendant that he pay the costs of prosecution and undergo imprisonment in the Northumberland County jail for a period of one calendar month, the sentence of imprisonment to be suspended as of May 26, 1947.

At the hearing on this appeal, it was disclosed that Woodrow Teats had bought a new Plymouth motor from his brother, Ralph Teats, appellant in this case; that the old motor was removed from Woodrow Teats' vehicle and the new motor was installed by Ralph Teats; and that appellant then stencilled the numbers of the old motor on the new motor and placed the old motor, with the numbers still on, on what he called his junk pile. Appellant, Ralph Teats, conducts a garage business in the village of Paxinos, this county. According to appellant's testimony, it was agreed between his brother and himself that the old motor was not to be used but was to be junked, but instead, his brother returned without his knowledge, took the old motor, removed the numbers, and sold the same. He further testified that this old motor was not his property and that he knew nothing concerning the actions of his brother in relation to the said motor.

Appellant testified that he has been in the garage business for sometime, engaged in general repairs to motor vehicles, and that it is essential for him to have an operator's license to carry on his business, a considerable portion of which consists of the use of his car to obtain parts in Shamokin and also for the purpose of carrying on repairs. There is no record of appellant having been in any difficulties concerning The Vehicle Code before.

We are of the opinion that appellant violated section 304(e) of The Vehicle Code when he transferred the number which was on the old motor to the new motor without having obtained a license to do so as provided in The Vehicle Code. Appellant plead guilty to such a violation and was given a suspended sentence by the court. Granting that there was an agreement between appellant and his brother that the old motor was not to be used again, appellant had no right to put the number of the old motor on to the new motor under the circumstances. However, the court is convinced that there was no intention of practicing a

fraud upon anyone, but the same number was used, perhaps, as a matter of convenience. There is no question that appellant needs an operator's license to carry on his business and economic hardship will be worked upon his family because of the suspension. While the court has jurisdiction in appeals of this nature to hear de novo, the witnesses of the Commonwealth and of the licensee, and, from the testimony taken, to determine anew whether the operator's license should be suspended (Commonwealth v. Funk, 323 Pa. 390, 399), yet such jurisdiction does not authorize the court to act either arbitrarily or capriciously with respect to the reinstatement of a suspended license; there must be a justifiable factual basis for the court's action in the premises. See Bureau of Highway Safety v. Wright, 355 Pa. 307. Clearly, there was a violation of the motor vehicle laws of this Commonwealth.

Therefore, the appeal in this case must be dismissed. However, due to the serious economic situation which might arise because of appellant's inability to operate a motor vehicle in the performance of his duties as a garage man and for the reason that the violation which forms the basis of this suspension was not committed with the intention of defrauding anyone, it would seem a just and proper case for the Secretary of Revenue to make some provision for the issuance of a restricted license for the purpose of permitting appellant to perform the necessary duties of his business. We make this as a suggestion rather than as a direction to the Department of Revenue.

### Order

And now, to wit, August 2, 1948, the appeal in this case is dismissed and the order of the Secretary of Revenue suspending the operating privilege of the appellant for a period of one year is affirmed. Costs to be paid by appellant. Let an exception be noted and bill sealed for appellant, Ralph Teats.