## Commonwealth, Appellant, *v.* Wagner.

Argued April 18, 1950. Before DREW, C. J., STERN, STEARNE, JONES and BELL, JJ.

*Randolph C. Ryder,* Deputy Attorney General, with him *Frederick J. Bertolet* and *T. McKeen Chidsey,* Attorney General, for appellant.

*Albert S. Readinger,* with him *Raymond K. Hess,* for appellee.

OPINION BY MR. JUSTICE JONES, May 22, 1950:

The defendant was arrested by a State policeman for driving an automobile on a State highway at a speed of 65 miles per hour. The officer made an information before a magistrate for the traffic violation involved and the defendant paid a fine and costs for the offense. There-

after, the Secretary of Revenue, acting pursuant to the authority conferred by Sec. 615(b) 2 of The Vehicle Code, as amended (Act of May 1, 1929, P. L. 905, 75 PS §192(b) Pkt. Part), cited the defendant and, following a hearing, suspended his operator's license for a period of ninety days because of his above-mentioned violation of Sec. 1002(b) 6 of The Vehicle Code, as amended (75 PS §501 Pkt. Part). The defendant appealed the suspension to the Court of Common Pleas of his county and the court entered upon a hearing of the matter as provided by Sec. 616 of The Vehicle Code, as amended (75 PS §193 Pkt. Part). Subsequently, the court filed an opinion and entered an order sustaining the appeal, the effect whereof was to revoke the suspension and reinstate the operator's license. The Commonwealth has appealed.

From the evidence adduced at the hearing on the appeal, the learned court below found that the appellee had operated his automobile on a State highway at the time alleged at a speed in excess of 50 miles an hour; that there were no aggravating circumstances attending the infraction, such as carelessness or recklessness in the operator's control of the vehicle; that the highway was wide; that the weather was clear and dry; that, at the time of the occurrence, there was little other traffic on the highway; that the petitioner had driven approximately 35,000 miles annually for each of the past nineteen years in his occupation as a travelling salesman and had never before been charged with speeding; and that he had need for his operator's license in his work.

It is the Commonwealth's contention that, on the appeal from the suspension of the petitioner's license, the power of the court of common pleas was restricted, by the very words of the Code (Sec. 616), ". . . to determin[ing] whether the petitioner is subject to suspension of operator's license . . . by the secretary under the provisions of this act", and that, the court below having found that the petitioner had violated the Code in the

manner alleged, there was nothing left for the hearing court to do but to sustain the Secretary's suspension of the petitioner's license. Unfortunately for that contention, it was ruled by this court a number of years ago that the original requirement of Sec. 616 of The Vehicle Code of 1929 that the hearing court ". . . determine whether the petitioner *is subject to suspension of operator's license* . . . under the provisions of this act [emphasis supplied]" meant that ". . . the court [was] to hear de novo the witnesses of the Commonwealth and the witnesses of the licensee, and, from the testimony taken, . . . determine *anew whether the operator's license should be suspended*" (Emphasis supplied): *Commonwealth v. Funk,* 323 Pa. 390, 399, 186 A. 65 (1936). Thus, the merit of the suspension was early recognized by this court as being a matter for the hearing court's independent determination. And, that ruling, we have ever since uniformly followed and applied.[1]

Furthermore, the construction thus placed on Sec. 616 of The Vehicle Code received legislative sanction long ago. In 1939, three years after the decision in the *Funk* case, supra, the legislature amended the very portion of Sec. 616 now relied on by the Commonwealth, viz., "whether the petitioner is subject to suspension of operator's license or learner's permit under the provisions of this act" by inserting, in presently material re-

---

[1] See *Commonwealth v. Cronin,* 336 Pa. 469, 473, 9 A. 2d 408 (1939) ; *Oesterling Appeal,* 347 Pa. 241, 243, 31 A. 2d 905 (1943) ; *Handwerk Automobile License Case,* 348 Pa. 263, 264-265, 35 A. 2d 289 (1944) ; *Hardwick Automobile License Case,* 348 Pa. 266, 267, 35 A. 2d 291 (1944) ; *Schwartz Automobile License Case,* 348 Pa. 267, 268, 35 A. 2d 290 (1944) ; *Commonwealth v. Cole,* 350 Pa. 369, 371-372, 39 A. 2d 361 (1944) ; *Bureau of Highway Safety v. Wright,* 355 Pa. 307, 310-311, 49 A. 2d 783 (1946) ; *Commonwealth v. Herzog,* 359 Pa. 641, 643, 60 A. 2d 37 (1948) ; cf. also *Commonwealth v. Irwin,* 345 Pa. 504, 507, 29 A. 2d 68 (1942) ; *Moyer Automobile License Case,* 359 Pa. 536, 537-538, 59 A. 2d 927 (1948) ; and *Commonwealth v. Garman,* 361 Pa. 643, 645, 66 A. 2d 271 (1949).

gard, the words "by the secretary" between the word "permit" and the word "under" in the clause just quoted. But the words "whether the petitioner is subject to suspension" were left unchanged; and, although other sections of the Code have been amended since then down to and including the latest legislative session (1949), the clause in question still remains the same as it was left by the amendment of 1939, supra. Sec. 52 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §552, provides that "In ascertaining the intention of the Legislature in the enactment of a law, the courts may be guided by the following presumptions among others: . . . (4) That when a court of last resort has construed the language used in a law, the Legislature in subsequent laws on the same subject matter intend the same construction to be placed upon such language."

Nor has there been any doubt as to the meaning of the ruling in the *Funk* case, supra, with respect to Sec. 616 of The Vehicle Code. In *Commonwealth v. Cronin,* 336 Pa. 469, 474, 9 A. 2d 408, it was said that ". . . the hearing de novo in the court below protected defendant against an arbitrary exercise of power on the part of the Secretary." Again in *Handwerk Automobile License Case,* 348 Pa. 263, 264-265, 35 A. 2d 289, the late Mr. Justice PATTERSON said and emphasized that *"The obvious intent of the legislature was to vest in the several courts of common pleas broad discretionary power. . . .* In the exercise of the broad power thus conferred by the legislature, the courts are to administer justice according to the evidence and circumstances presented. . . ." The case of *Commonwealth v. Herzog,* 359 Pa. 641, 642-643, 60 A. 2d 37, is a direct refutation of the Commonwealth's present contention. In the *Herzog* case where the lower court did not consider the evidence de novo but determined merely that ". . . the action of the Secretary of Revenue was justified by the available evidence in the case", we said that "Such an approach to the problem

was, of course, contrary to the intention of The Vehicle Code."

The case of *Bureau of Highway Safety v. Wright,* 355 Pa. 307, 310, 311, 49 A. 2d 783, upon which the Commonwealth most strongly relies in the instant case derogates not at all from the principles enunciated and followed in all of the prior decisions from the *Funk* case onward. In the *Wright* case,—"The basis upon which the court below acted . . . was erroneous as a matter of law" in that the court deemed the license suspension a double penalty ". . . added arbitrarily to the one [fine and costs] already inflicted [by the justice of the peace]" which, of course, it was not. The one sanction is penal and the other civil: *Commonwealth v. Funk,* supra, at p. 400. Moreover, the *Wright* case, supra, is clearly distinguishable from the present. There, the hearing judge found the petitioner to have been guilty of reckless driving,—an offense which ordinarily connotes danger to life and limb. Indeed, the circumstances were such as to cause the hearing judge to comment that, ". . . the officer making the arrest would have been derelict in his duty had he not made the arrest." And, we further pointed out that there was *not* "a suggestion of a single word in mitigation of the offense . . . to be found in the record."

The scope of our review in a case such as the present is narrowly limited. As we have frequently noted,— ". . . the action of the hearing court . . . may not be interfered with upon appeal except for a manifest abuse of discretion or error of law": *Bureau of Highway Safety v. Wright,* supra, citing *Handwerk Automobile License Case,* supra; *Hardwick Automobile License Case,* 348 Pa. 266, 267, 35 A. 2d 291; *Schwartz Automobile License Case,* 348 Pa. 267, 268, 35 A. 2d 290; *Commonwealth v. Irwin,* 345 Pa. 504, 507, 29 A. 2d 68; and *Commonwealth v. Cronin,* supra.

The action of the learned court below in the instant case did not constitute an error of law. Wherein, then, was it an abuse of discretion? The *Handwerk, Hardwick* and *Schwartz* cases, supra, all involved license suspensions for speed violations where the common pleas court sustained the appeals and this court affirmed. In fact, the findings by the lower court from the evidence adduced in the instant case are quite analogous to the findings made in the *Schwartz* case, supra. Our approval of those cases does not mean that a speed violation alone is insufficient to justify suspension of an operator's license. It is indeed sufficient if, in the opinion of the court from all the evidence taken on the hearing, the suspension is merited: *Commonwealth v. Herzog,* supra. Nor does a court automatically abuse its discretion by discriminating between the circumstances in which speed violations are committed. On an appeal from the action of the Secretary, the matter of license suspension must necessarily rest in the sound discretion of the court. Not otherwise can justice in such matters be judicially administered. There is nothing in the record now before us whereby we could say that the learned court below manifestly abused its discretion.

Order affirmed at the appellant's costs.

Bell, J. dissents.