## Commonwealth v. Grazioli

M. L. Harter, Jr., for Commonwealth.

John A. Harter, for appellant.

TROUTMAN, J., July 31, 1950.—Andrew Grazioli, a resident of the Borough of Marion Heights, Northumberland County, Pa., while operating a 1949 Studebaker motor vehicle on a public highway known as U. S. Route No. 122 between the Borough of Mount Carmel and Centralia in Conyngham Township, Columbia County, Pa., at about 1:30 p. m. on December 15, 1949, was apprehended by a member of the Pennsylvania State police. The police officer filed an information before a justice of the peace in Conyngham Township, Columbia County, charging Grazioli with exceeding the speed limit, which resulted in the imposition of a fine and costs, which were paid by Grazioli.

A hearing was held before a representative of the Secretary of the Department of Revenue on March 28, 1950, and on May 9, 1950, petitioner, Andrew Grazioli, was notified that his operating privileges were suspended for a period of 90 days, commencing

May 9, 1950, the reason for withdrawal being speeding.

On May 22, 1950, Grazioli presented his petition to this court for an appeal from the action of the Secretary of Revenue in suspending his operating privileges. The appeal was allowed and the court directed that it act as a supersedeas.

A hearing de novo was had before this court on the appeal on June 26, 1950, at which time testimony in behalf of the Commonwealth and petitioner was heard.

At this hearing, the arresting officer, Carl S. Lubas, a member of the Pennsylvania State police, testified that on December 15, 1949, at 1:35 p. m., while patrolling U. S. Route No. 122 between Mount Carmel and Centralia, Conyngham Township, Columbia County, Pa., he saw the motor vehicle operated by petitioner traveling eastwardly on that highway and that after following the car driven by Grazioli for approximately two miles and after having clocked the speed of the Grazioli car for a distance of one mile, stopped petitioner and charged him with speeding. The officer testified that he had clocked the speed of petitioner's car at the rate of 70 miles per hour for a distance of one mile.

The Commonwealth offered and there was admitted into evidence a certificate of speedometer accuracy executed by William O. Mattern, proprietor of the Shamokin Battery Service Station, Shamokin, Pa., showing that the speedometer installed in the car driven by the police officer in making the arrest had been checked for accuracy on November 28, 1949, which was within a period of 30 days from the date of the arrest. In support of this certificate, William O. Mattern testified that he had made the test and had found the speedometer accurate.

Petitioner, Andrew Grazioli, in his own behalf, testified that he was operating his automobile in an

eastwardly direction toward the Village of Centralia, Columbia County, Pa., on December 15, 1949; that his destination was his place of employment situated several miles east of Centralia; that he did not see the officer following him and that he was traveling at 50 miles per hour and may have exceeded that speed by a few miles at various times but that he had never traveled at the rate of 70 miles per hour.

The undisputed testimony is that the highway on which petitioner was traveling is a four-lane concrete road consisting of two dual lanes with a divider in the center. The roadway was dry, the weather clear and the traffic light. There is no testimony to indicate that any other vehicles were upon the highway at this point. There is no testimony that the vehicle of petitioner was driven in a reckless or negligent manner nor was there any testimony that the general public was endangered in any way.

The operator of this motor vehicle has been driving a car for about 22 years and during that period has never been arrested for any motor vehicle violation. He did testify that some years ago he was involved in an accident but the damage was very slight and upon being interrogated concerning this accident, the explanation given by him was that as he was passing a truck, the truck began to swerve in his line of travel which caused petitioner to run off the road. The testimony further shows that at the present time, petitioner travels about 1,000 miles per month and previous to his present employment, while employed as an officer for the Natalie Coal Company, had traveled about 2,000 miles per month.

Petitioner is employed at a coal stripping operation, which is inaccessible except by automobile. He lives at Marion Heights, which is a considerable distance from his place of employment. Petitioner is a constable for the Borough of Marion Heights, in which

capacity it is necessary for him to operate his motor vehicle.

The testimony presents a contradiction on the part of the testimony of the Commonwealth and that of petitioner in respect to speed. The police officer testified that petitioner was driving at the rate of 70 miles per hour and petitioner testified that he was traveling at the rate of 50 miles per hour with a slight variation from time to time. Petitioner further testified that as an officer himself, he can tell speed without even looking at the speedometer and that he was not and did not drive his motor vehicle at a speed of 70 miles per hour.

We were impressed with the candor of petitioner when called as a witness and while we do not question the motive of the police officer, we are of the opinion that appellant was not driving his motor vehicle at the rate of 70 miles per hour but at the most was possibly exceeding the speed limit of 50 miles per hour by a few miles. We are of the opinion that the suspension of petitioner's operator's license is unmerited considering the conflicting evidence concerning speed together with the extenuating circumstances which clearly indicate that petitioner is a careful operator of a motor vehicle and has been such over a period of 22 years and the fact that the highway upon which he was traveling was a four-lane concrete road with very little traffic operating thereon and without any evidence of carelessness or recklessness, and that he drives approximately 12,000 miles annually and that he needs his operator's license in his work.

Under section 616 of The Vehicle Code of May 1, 1929, P. L. 905, as amended, on appeal to a common pleas court from an order of the Secretary of Revenue suspending a motor vehicle operator's license, the hearing is de novo, and the court has power to determine independently the merit of the suspension: Common-

wealth v. Funk, 323 Pa. 390; Commonwealth v. Wagner, 364 Pa. 566.

Under the evidence and the circumstances presented in this case, we are of the opinion that the suspension of petitioner's operating privilege by the Secretary of Revenue was not merited and the appeal must be sustained and the order of suspension made by the secretary revoked.

### Order

And now, to wit, July 31, 1950, it is hereby ordered, adjudged and decreed that the appeal of Andrew Grazioli from the action of the Secretary of Revenue in suspending his motor vehicle operating privileges is sustained and the action of the Secretary of Revenue in suspending the operating privileges for a period of 90 days is hereby vacated and the Secretary of Revenue is hereby directed to reinstate the operating privileges of appellant. Costs are to be paid by appellant.