## Dieter License

*William C. Fulmer*, for Commonwealth.
*Stanley J. Fehr*, for appellant.

FRACK, J., January 29, 1951.—On August 19, 1950, the Secretary of Revenue suspended for a period of six months the operating privilege of Arling F. Dieter for the reason that the latter had been convicted of a misdemeanor "in the commission of which a motor vehicle was used". Appeal was taken to this court as provided by the statute. A date for hearing was fixed for October 23, 1950, when testimony was taken de novo. Subsequently legal argument was had.

The Act of May 1, 1929, P. L. 905, as amended by the Act of June 27, 1939, P. L. 1135, 75 PS §193, imposes on the court of common pleas the duty to hear an appeal of this character de novo and determine from

the evidence adduced before it whether the operating privileges should be suspended: Commonwealth v. Garman, 361 Pa. 643; Moyer Automobile License Case, 359 Pa. 536; Commonwealth v. Cole, 350 Pa. 369; Schwartz Automobile License Case, 348 Pa. 267, 268; Hardwick Automobile License Case, 348 Pa. 266, 267; Handwerk Automobile License Case, 348 Pa. 263, 265; Oesterling Appeal, 347 Pa. 241, 243; Commonwealth v. Cronin, 336 Pa. 469, 473; Commonwealth v. Funk, 323 Pa. 390, 399. All of these cases hold that an appeal to the court is not for the purpose of reviewing the evidence taken before the secretary, and his action thereon, but to hear evidence and determine, in the exercise of the court's sound discretion and in the furtherance of justice, whether the license should be suspended: Hardwick Automobile License Case, supra. Neither the action of the Secretary of Revenue nor the testimony taken before his representative is properly part of the record: Commonwealth v. Cronin, supra; Handwerk's Appeal, supra; Appeal of Lombertino, 39 D. & C. 581. The court must hear de novo the witnesses of the Commonwealth and of the motorist and determine anew whether operator's license should be suspended (Ibid: Oesterling Appeal, supra; Bureau of Highway Safety v. Wright, 355 Pa. 307), and the court must administer justice according to the evidence and circumstances presented before it by the witnesses heard de novo; Handwerk's Appeal, supra; Bureau of Highway Safety v. Wright, supra.

At the hearing, counsel for the Commonwealth stipulated as a fact that appellant's operating privilege was suspended by the Secretary of Revenue "because of the commission of a misdemeanor in which a motor vehicle was used". It was stipulated that on June 23, 1950, appellant was convicted in the criminal courts of Lehigh County of the misdemeanor "of obstructing an officer in the making of an arrest" and that on June 26,

1950, he was directed by the court "to pay $100 in lieu of a fine to Lehigh County and placed on probation for a period of one year, and also sentenced to pay the costs".

The facts surrounding appellant's arrest are as follows: On May 15, 1950, Arling Dieter and Stanley E. Clark were among four passengers in an automobile operated by one Harvey Dieter while he was under the influence of intoxicating liquor. Officer Ritsick stopped the Dieter car and asked its operator to alight from the car, which he did. The officer determined to take Harvey Dieter to a doctor for an examination as to his sobriety, and asked him to go along in the officer's car. After Harvey Dieter entered the police officer's car the officer closed the door on its right side and then walked to the driver's side of the car and entered. Stanley E. Clark stood on the highway in front of the policeman's car. Upon request to move, after the use of some opprobrious language, Stanley E. Clark moved off the highway. When the policeman started his car's motor, Arling Dieter was standing at the hood of the police car. Upon request that he should move, the latter swore and said to the officer "You are not taking him (Harvey Dieter) away now or ever . . ." and hit the hood of the police car with his fist. The officer advised Arling Dieter, "You're under arrest. Get in the car", but he refused to move. The officer testified:

"I took him by the arm, and he pulled away, and I took him by the arm again; I put my left arm around his neck and I grabbed him by the seat of the pants with my other hand and I put him in the car. At that time, Harvey (Dieter) got out of the car and Clark jumped me from the rear. . . . He jumped me on my back from the rear; I shook him loose and I got my blackjack and I hit him over the head with it and he went down. Then I said: 'The fight's over, boys; you're all under arrest. I want you to get in the car.' Arling

Dieter and the others got in and I put Clark in the back seat of the car and I took them into Allentown."

Arling Dieter and Stanley E. Clark were charged with the offense of resisting an officer.

The testimony establishes, and it is admitted by the Commonwealth, that Arling Dieter did not operate the car but was merely a passenger in the car which was operated by Harvey Dieter. Counsel for the Commonwealth stipulated on record that he agreed appellant needs his license in his business.

In written brief submitted by counsel for the Commonwealth, he recognizes that the suspension was based on the ground that appellant was convicted of a misdemeanor in the commission of which a motor vehicle was used, that appellant was not operating the vehicle but was only a passenger therein. He states:

"The Commonwealth submits that while it is true that the certificate notifying appellants of the suspension of their operating privileges assigns as the ground a misdemeanor in connection with the use of a motor vehicle, there was ample reason for the Secretary to have suspended appellants' privileges. Under The Vehicle Code it is provided that an operator's license may be suspended if it appears, on sufficient evidence, that the operator has committed a violation of the motor vehicle laws of this Commonwealth: Act of May 1, 1929, P. L. 905, sec. 615, as amended, 75 PS §192-(b) (2). Another provision of the same act, section 1213, 75 PS §743, incorporates into the motor vehicle laws of the Commonwealth the offense of obstructing an officer in making an arrest and classifies such offense as a misdemeanor. Unquestionably, appellants were charged with, and convicted of, the offense set forth in section 1213; and since that is a part of The Vehicle Code, the suspension by the Secretary of Revenue was proper . . .".

The legislature has provided that the Secretary of Revenue "may suspend the operating privilege of any person, with or without a hearing before the Secretary or his representative, upon receiving a record of proceedings, if any, in which such person . . . was found guilty by a judge or jury, whenever the Secretary finds upon sufficient evidence: . . . (2) that such person has been convicted of a misdemeanor . . . in the commission of which a motor vehicle was used": Act of May 1, 1929, P. L. 905, sec. 615, as amended, 75 PS §192(a)(2).

Counsel for appellant states, and it is not disputed, that the secretary suspended Arling Dieter's operator's license upon a certification from the Clerk of Quarter Sessions of Lehigh County that the latter had been convicted of the charge of obstructing an officer in the making of an arrest, for which an interlocutory sentence was imposed as aforesaid.

Under the position now assumed by the Commonwealth that "an operator's license may be suspended if it appears, on sufficient evidence, that the operator committed a violation of the motor vehicle laws of this Commonwealth" the secretary must proceed under subsection (b) of section 615 of The Vehicle Code, which empowers the secretary to suspend an operator's license "after a hearing before the Secretary or his representative, or upon failure of the said person to appear at such hearing, whenever the Secretary finds upon sufficient evidence . . . that such person has committed any violation of the Motor Vehicle Laws of this Commonwealth".

We will not rest our decision on the department's failure to hold a hearing preliminary to suspension and on whether the secretary lacked power, under the circumstances, to suspend on the position now assumed by counsel for the Commonwealth.

When the Commonwealth argues that appellant was convicted under the Act of May 1, 1929, P. L. 905, sec. 1213, in order to justify a suspension, it does violence to its stipulation. Under section 1213 the penalty provided is a fine of $100 and costs of prosecution and imprisonment for 30 days as a maximum. Under the Act of June 19, 1911, P. L. 1055, and the Act of May 7, 1925, P. L. 554, a court has power to impose an interlocutory sentence or order that a defendant pay a sum of money in lieu of a fine, to pay the costs, and to have defendant placed on probation instead of entering a final judgment of sentence: Commonwealth ex rel. Paige v. Smith, Warden, 130 Pa. Superior Ct. 536. The period of probation may not exceed the maximum term for which defendant might have been sentenced: Commonwealth ex rel. Wilhelm v. Morgan, 278 Pa. 395. Since the period of probation in the instant matter involves a period of a year (not 30 days as required for the offense under section 1213), it necessarily follows that appellant was convicted under the provisions of the Act of June 24, 1939, P. L. 872, sec. 314, as amended by the Act of May 21, 1943, P. L. 306, which is the offense popularly known as obstructing an officer in the execution of legal process, and which provides for a maximum jail sentence of one year and payment of fine and costs. This conclusion is fortified by the stipulation entered by the Commonwealth that appellant was convicted of "obstructing an officer in the making of an arrest". In order to confirm our conclusion from the evidence that appellant was convicted of an offense which is not provided for under The Vehicle Code, we inspected the indictment involved herein and it charged that defendant therein "with force and arms did knowingly, wilfully and forcibly obstruct, resist and oppose Pfc. Joseph Ritsick, a Pennsylvania State policeman, who was then and there duly authorized in making a lawful arrest without warrant", so that the indict-

ment is drawn in the language of The Penal Code of 1939, as amended, and not in the language of section 1213 of The Vehicle Code. Appellant, under the evidence before us, was not convicted of an offense set forth in the motor vehicle laws.

Under the provisions of The Vehicle Code an operator's license is "the license issued to any person to operate a motor vehicle or tractor" and an operator is defined as "every person who is in actual physical control of the motor vehicle or tractor upon a highway". The fact that appellant was a licensed operator had nothing to do with the operation of the car because it is admitted that he did not operate the motor vehicle, but was merely a passenger therein. The fact that he had an operator's license had nothing to do with the offense of obstructing an officer, of which he was convicted. He made no use of an automobile in the commission of the offense of which he was convicted. He was not convicted under any indictment which charges an offense under the language of any criminal provision of The Vehicle Code.

One of the primary purposes of issuing or suspending operators' licenses is to insure the competency of operators of motor vehicles. Another primary purpose is to regulate the manner and circumstances under which, and by whom automobiles may be operated upon the highways of the State: Commonwealth v. Funk, supra, 396. The offense of which appellant was convicted does not involve any of these purposes. His being licensed as a motor vehicle operator had no connection with his conviction of a violation of The Penal Code, an offense wherein it was immaterial whether or not he was a licensed motor vehicle operator, and also an offense in the commission of which he made no use of a motor vehicle.

Since we must determine anew whether the operator's license should be suspended (Commonwealth v.

188

Cronin, supra; Handwerk's Appeal, supra; Oesterling Appeal, supra), and since we must administer justice according to the evidence and circumstances presented de novo (Handwerk's Appeal, supra; Bureau of Highway Safety v. Wright, supra), and since we are required to exercise our sound discretion in the furtherance of justice (Hardwick Automobile License Case, supra), in the exercise of such discretion we conclude that the appeal should be sustained, and the Secretary of Revenue directed to reinstate appellant's operator's license.

### Order

And now, January 29, 1951, the appeal of Arling F. Dieter from the order of the Secretary of Revenue of the Commonwealth of Pennsylvania suspending his operator's license for a period of six months is sustained. The order of the Department of Revenue is reversed and it is directed that Arling F. Dieter's operator's license be reinstated.