## Commonwealth v. Straka

*Francis J. Gildner,* for Commonwealth.
*Linn Schantz,* for defendant.

DIEFENDERFER, J., September 4, 1951.—Defendant herein has appealed from the suspension of his license for a period of nine months. The petition for the appeal states that defendant "was involved in a fatal accident, speeding". The Commonwealth by brief states that appellant was given two separate hearings by the hearing master of the Department of Revenue.

It also furthermore appears that defendant was involved in a fatal accident on September 20, 1949, and that the speeding arose out of his driving on that particular occasion. It furthermore appears that defendant was tried in Lebanon County on a charge of manslaughter and found not guilty by a jury, but ordered to pay the costs.

The hearing de novo before this court, however, showed that on September 20, 1949, at 6:30 a. m., in Lebanon County, defendant was driving his vehicle, and by his own admission, at the speed of 35 to 40 miles per hour. The speed fixed by law on this highway is 30 miles per hour. Defendant's truck hit a passenger car and as a result three passengers in the

car were killed. The truck after hitting the car, pushed it 220 feet from the point of impact. The truck continued for an extra 185 feet where it turned over on the opposite side of the highway. He was acquitted. The jury placed costs on him. The second offense took place May 10, 1950, at 2:10 a. m., on the Pennsylvania Turnpike, Fulton County, 25 miles east of Midway. The State Police officer, Albert Marchinetti, clocked appellant and said he was driving his tractor trailer at 62 miles per hour where the speed limit was 50. He was arrested and paid fine and costs. At the hearing defendant testified that he could not tell how fast he was going. Following two hearings before the master, the Department of Revenue, by order dated February 20, 1951, saw fit to suspend the operator's license for a period of nine months, after which the appeal was taken.

It is the duty of the court to hear de novo all of the witnesses of the licensee and from the testimony taken to determine anew whether the operator's license should be suspended. See Commonwealth v. Funk, 323 Pa. 390.

The court in its discretion is of the opinion that the appeal should be dismissed. See Commonwealth v. Wagner, 364 Pa. 566.

By defendant's own admission he was speeding and in order to protect the highways from the disastrous result of operators driving at excessive speeds the Secretary of Revenue and the court must take such action as is warranted by the evidence. Speed limits are fixed by the legislature and the highway patrolmen are making strenuous efforts to enforce the speed limits.

In Stark's Appeal, 60 D. & C. 654, the case was heard de novo and all the testimony presented. In this case the appeal was sustained. In the case at hand the evidence clearly shows evidence of speeding in

which fatalities occurred. The court feels that the suspension was justified.

Commonwealth v. Boarts, 71 D. & C. 14, is a different case and the suspension was based upon reckless driving.

And now, September 4, 1951, the court is of the opinion that the suspension of nine months by the Secretary of Revenue was justified and the appeal is hereby dismissed.