## Commonwealth v. Strike

*Louis Cohen*, for appellant.
*M. Luther Harter*, for Commonwealth.

TROUTMAN, J., July 5, 1949.—Robert A. Strike, a resident of the Borough of Mount Carmel, County of Northumberland and State of Pennsylvania, while operating a Pontiac motor vehicle on a public highway known as Route 309, south of Quakertown, Bucks

County, Pa., at about 11 a. m. on December 4, 1948, was apprehended by a member of the Pennsylvania State police. The police officer, after following Strike for a distance of one mile, clocked the speed at which the vehicle was being operated at 60 miles per hour for a distance of three tenths of a mile.

An information was filed by the officer before a justice of the peace in West Rockhill Township, Bucks County, Pa., charging Strike with exceeding the speed limit, which resulted in the imposition of a fine and costs, which were paid by Strike.

A hearing was held before a representative of the Secretary of the Department of Revenue on March 22, 1949, and on April 14, 1949, petitioner, Robert A. Strike, was notified that his operating privileges were suspended for a period of 90 days commencing April 14, 1949, the reason for the withdrawal being speeding.

On April 18, 1949, Strike presented his petition to this court for an appeal from the action of the Secretary of Revenue in suspending his operating privileges. The appeal was allowed and the court directed that it act as a supersedeas.

A hearing de novo was had before this court on the appeal on May 31, 1949. At the hearing it was developed that the arresting officer on December 4, 1948, was patrolling Route 309, south of Quakertown, when he saw the motor vehicle operated by appellant travelling south on the said highway, the vehicle driven by Strike having passed the vehicle being driven by the State police officer. The officer followed the Strike motor vehicle for a distance of one mile and clocked the same for a distance of three tenths of a mile at a speed of 60 miles per hour. The traffic was light and the roadway, which was a 30-foot three lane macadam road, was dry. The maximum speed for the type of vehicle driven by appellant is 50 miles per hour.

The officer testified that the speedometer installed in the patrol car, which he used at the time of the arrest, had been tested for accuracy within a period of 30 days prior to the date of the arrest, the test having been made by S. F. Rickel of the Electric Equipment and Service Company of Allentown, Pa., on November 20, 1948. The vehicle used in making the arrest was a Chevrolet, black in color. The official certificate of speedometer accuracy issued by the Electric Equipment and Service Company for the patrol car used in making the arrest was offered in evidence and was admitted without objection on the part of appellant.

Appellant, Robert A. Strike, testified that he was driving the Pontiac car owned by his employer, Tamecki Bottling Works of Mount Carmel, on the day of the arrest. He testified that he did not know whether or not he was going 60 miles per hour when he was apprehended by the State policeman but did testify that the lady who was riding with him had told him that he was going too fast and that he did not know he was going 60 miles per hour until she had told him. The fact that appellant did not know how fast he was going is no excuse for exceeding the speed limit and from all of the testimony, it is undisputed that he was travelling at the rate of 60 miles per hour which was in excess of the maximum rate of speed allowed by law for a vehicle of the type which he was operating. Therefore, he was properly charged with and convicted of the speeding violation.

Inasmuch as appellant was guilty of speeding at the time of his arrest, the Secretary of Revenue properly directed the suspension of appellant's operating privileges. The jurisdiction conferred upon the courts of common pleas by section 616 of The Vehicle Code, which provides for the taking of an appeal from the action of the Secretary of Revenue,

does not authorize them to act either arbitrarily or capriciously with respect to the reinstatement of a suspended license; there must be a justifiable factual basis for the court's action in the premises: Bureau of Highway Safety v. Wright, 355 Pa. 307.

Appellant testified that he is employed by the Tamecki Bottling Works in the Borough of Mount Carmel, Northumberland County, Pa., and his duties consist of driving a truck and also his personal car and that if his license is suspended, he will lose his job. He also testified that he had never been arrested before for any motor violation. While we are in sympathy with the predicament in which appellant finds himself in respect to holding his job and providing for his livelihood, nevertheless, such circumstances create no justifiable factual basis for the reinstatement of the suspended operating license. If this court had the power to order a restricted operating privilege, it would not hesitate to do so. But in the absence of any statutory authority for directing or suggesting the issuance of a restricted operating privilege, this court cannot so direct or request.

After a careful review of the testimony on this appeal, we are of the opinion that the Secretary of Revenue was justified in ordering the suspension of appellant's operating privileges for a period of 90 days and, therefore, the appeal must be dismissed and the order of the Secretary of Revenue in suspending the operating privileges be invoked.

## Order

And now, to wit, July 5, 1949, it is hereby ordered, adjudged and decreed that the appeal of Robert A. Strike from the action of the Secretary of Revenue in suspending his motor vehicle operating privileges be dismissed and that the action of the Secretary of Revenue in suspending said operating privileges for a period

of 90 days be reinstated. Costs to be paid by appellant. Let an exception be noted and bill sealed for appellant.