Handwerk Automobile License Case.

Argued November 30, 1943. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*E. A. DeLaney,* with him *George W. Keitel,* Deputy Attorneys General, *Wayne E. Barber* and *James H. Duff,* Attorney General, for appellant.

*Irving W. Coleman,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, January 3, 1944:

On October 6, 1941, while operating his automobile upon State Highway Route 145, Gordon Handwerk was stopped and arrested by a Pennsylvania motor policeman for exceeding the maximum speed limit of 50 miles an hour, prescribed by section 1002(b) of the Motor Vehicle Code.[1] He paid a fine and costs to a local justice of the peace. Three months and ten days thereafter, a hearing was had before a representative of the Secretary of Revenue to determine whether Handwerk's operator's license should be suspended. More than two months later his operating privilege was suspended for a period of ninety days, beginning March 19, 1942.

On petition of Handwerk the court below allowed an appeal from the action of the Secretary and granted a supersedeas.[2] The case was heard *de novo*. The officer making the arrest testified that Handwerk was traveling 65 miles per hour. The credibility of his testimony was materially weakened upon cross examination. Handwerk stated categorically that he was not going 65 miles an hour, and was quite positive that he was not exceeding the legal rate of speed. The court concluded that "the evidence [was] equally balanced" and determined that appellee's license should not have been suspended. This appeal followed.

Section 616 of the Vehicle Code provides for appeal to the court of common pleas, and defines its duty "to take testimony and examine into the facts of the case, and to determine whether the petitioner is subject to suspension of operator's license . . . under the provisions of this act." In *Commonwealth v. Funk*, 323 Pa. 390, 399, this Court said: "The language of the section clearly indicates that it is the duty of the court to hear de novo the witnesses of the Commonwealth and the

---

[1] Act of April 15, 1941, P. L. 17 (75 P.S. sec. 501).

[2] Act of May 1, 1929, P. L. 905, as amended by the Act of June 27, 1939, P. L. 1135 (75 P.S. 193).

witnesses of the licensee, and, from the testimony taken, *to determine anew whether the operator's license should be suspended."* See *Oesterling Appeal,* 347 Pa. 241, 243. *The obvious intent of the legislature was to vest in the several courts of common pleas broad discretionary power.* In *Commonwealth v. Cronin,* 336 Pa. 469, this Court held (p. 473) : "At such hearing neither the action of the Secretary nor the testimony taken before his representative is properly part of the record of the case. In these respects the proceeding resembles that followed on appeal from a judgment obtained before a justice of the peace, or a magistrate . . .

". . . the hearing de novo in the court below protected defendant against an arbitrary exercise of power on the part of the Secretary. It gave defendant his day in court, and with it the right to present every available defense which he possessed against the suspension of the license." In the exercise of the broad power thus conferred by the legislature, the courts are to administer justice according to the evidence and circumstances presented, and the action of a lower court will not be disturbed except for manifest abuse of discretion. The right of appeal to this Court remains. In *Commonwealth v. Cronin,* supra, we said (p. 475) : ". . . it is well settled that where the right of appeal [to this Court] is not provided by statute, but is not prohibited, it is our duty to examine the testimony to determine whether the findings of the court below are supported by competent evidence, and to correct any conclusions of law erroneously made."

The record before us does not contain the preponderance of evidence which would require us to hold that the court below has abused its broad discretionary power in concluding that the operating privileges of appellee should not be suspended.

The order of the court below is affirmed. Costs to be paid by the Commonwealth.