## Commonwealth v. Wagner

*Frank S. Moser*, for appellant.
*M. L. Harter, Jr.*, for Commonwealth.

FORTNEY, P. J., December 23, 1946.—On March 30, 1946, while operating his 1941 Chevrolet sedan in Montgomery County, Edwin A. Wagner was stopped and arrested by a member of the Pennsylvania State police for exceeding the maximum speed limit of 50 miles per hour, prescribed by section 1002(*b*) of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 5, 1937, P. L. 1718. Defendant was

taken before a justice of the peace nearby, found guilty and fined $12.50, after he had entered a plea of not guilty. Upon failure of defendant to immediately pay the fine assessed, the justice instructed him to make up his mind and pay the fine or be committed to jail, with the further remark that plenty of room was available in the Montgomery County jail. To avoid this commitment to jail and so that he might bring his wife and family home, defendant paid the fine. A month thereafter, a hearing was held before an examiner, representing the Secretary of Revenue, to determine whether Wagner's operating license or privilege should be suspended. Five months later, he was notified his operating privilege was suspended for a period of 90 days.

Within the time prescribed by law, defendant presented his petition to this court for an appeal from the action of the Secretary of Revenue and was granted a supersedeas. The hearing before the court was de novo. The officer making the arrest testified that he clocked Wagner for a distance of one half mile and that he was driving 70 miles per hour; that the speedometer on the car the officer was driving was checked for accuracy within a period of the last 30 days, and offered in evidence a certificate of speedometer accuracy. We sustained the objection to his testimony, because it was not shown the exhibit was an official certificate from an official speedometer testing station. This, in itself, might be sufficient reason to reverse the ruling of the secretary, technical though it is, but as we read the testimony, there are other impelling reasons which lead us to our conclusion. Wagner, a veteran of the armed forces of the United States Government, was discharged from the service after more than three and one half years, at Lincoln, Neb., in November 1945. At this time, his speedometer was tested at troop headquarters and found to be accurate.

At the time of his arrest, some four months later, he testifies his speedometer registered between 45 and 50 miles per hour; that after his arrest he had his speedometer tested for accuracy at a local service station and he was issued a certificate by the mechanic which showed his speedometer to be out of calibration and capable of registering any speed, which certificate he presented to the representative of the secretary when he appeared for a hearing. In addition, Wagner, while in the service, was attached to the motor transport division and drove motor vehicles for which he was required to have a special license. In private life, defendant is employed by a local dairy, and earns his livelihood by operating a truck almost daily in the delivery of milk, at wholesale and retail; has been operating motor vehicles for 14 years, and was never arrested for violation of The Vehicle Code, and without his operating privilege he will be unable to continue his work.

The Supreme Court, speaking of section 616 of The Vehicle Code, which provides for an appeal to the court, and defines the duties of the court on appeal, says, in Commonwealth v. Funk, 323 Pa. 390, 399:

"The language of the section clearly indicates that it is the duty of the court to hear de novo the witnesses of the Commonwealth and the witnesses of the licensee, and, from the testimony taken, to determine anew whether the operator's license should be suspended."

The obvious intent of the legislature was to vest in the several courts of common pleas broad discretionary power. Thus, the hearing before us protects defendant against an arbitrary exercise of power by the Secretary of Revenue, and gives defendant his day in court. In the exercise of the broad power thus conferred by the legislature, the courts are to administer justice according to the evidence and circumstances presented. See also Handwerk Automobile License Case, 348 Pa. 263.

All this has been taken into consideration in determining whether there was a wilful violation of the law on the part of defendant. Under the evidence and the circumstances presented to us, we are of the opinion that the suspension of the operating privilege in this case is unwarranted, and we make the following

*Order*

And now, to wit, December 23, 1946, it is ordered and decreed that the action of the Secretary of Revenue, in suspending the operator's license or privilege of Edwin A. Wagner, be reversed and the Secretary of Revenue is hereby directed to reinstate the said privilege or license. Costs to be paid by appellant. An exception noted and bill sealed for the Commonwealth.