## Stark's Appeal

*M. Luther Harter*, for Commonwealth.

*Eugene G. Mirarchi*, for appellant.

TROUTMAN, J., October 17, 1947.—The Secretary of Revenue suspended petitioner's operating privilege for a period of three months on the ground that he was op-

erating a motor vehicle involved in a fatal accident. The Vehicle Code of May 1, 1929, P. L. 905, sec. 615 (b) 4, as amended by the Act of June 27, 1939, P. L. 1136, sec. 9, 75 PS §192, provides:

"(b) The secretary may suspend the operator's lihense or learner's permit of any person, after a hearing before the secretary or his representative, whenever the secretary finds upon sufficient evidence . . .

"4. That such person was operating any vehicle involved in an accident resulting fatally to any person . . .".

An appeal was taken to this court by David Stark, the licensee whose operating privileges were suspended, in accordance with the provisions of section 616 of The Vehicle Code, as amended by section 10 of the Act of 1939, supra, 75 PS §193. The Supreme Court has consistently interpreted The Vehicle Code of 1929, as amended, supra, as vesting in the court of common pleas power to hear appeals de novo and determine from the evidence adduced before it whether the operating privileges should be suspended: Handwerk Automobile License Case, 348 Pa. 263, 264; Commonwealth v. Cronin, 336 Pa. 469, 473; Commonwealth v. Funk, 323 Pa. 390, 399. All of these cases hold that an appeal to the court is not for the purpose of reviewing the evidence taken before the secretary, and his action thereon, but to hear evidence and determine, in the exercise of the court's sound discretion and in the furtherance of justice, whether the license should be suspended: Hardwick Automobile License Case, 348 Pa. 266, 267. See also Commonwealth v. Cole, 350 Pa. 369, 371.

The hearing in this case being de novo, the court cannot consider the action of the secretary nor the testimony taken before his representative. Likewise, it is error to include the record in criminal proceedings

against the motor vehicle operator: Commonwealth v. Funk, supra; Commonwealth v. Cronin, supra.

On March 5, 1946, at about 1:30 p.m., David Stark was operating a Chevrolet automobile upon United States Highway Route No. 11 in a eastwardly direction between Danville and Bloomsburg, Pa. A truck, operated by Gene Keller, was proceeding in a westwardly direction on the same highway. At a point about five miles west of Bloomsburg the car driven by Stark and the truck driven by Keller collided. The Keller truck continued from the place of the collision for some distance westward, striking a rail at a point near the place where Thomas, the deceased, was working, and then continued to a point in the south side of the road, about 162 feet from the place of the collision. The testimony indicates that Mr. Thomas was killed by debris scattered by the Keller truck. The State police officers, who arrived at the scene subsequent to the collision, indicated that the front of the Stark car was 3½ feet on the north lane of the State highway and that the rear wheels were straddling the center of the highway. The highway is constructed of concrete, 18 feet wide, with berms on either side, and the collision occurred along a straight level stretch of highway. The road was marked in the center by broken white lines.

The only witness to the collision was Stark himself, who testified that he was traveling at a speed of from 30 to 35 miles per hour in an eastwardly direction and, directly in front of him was a coal truck parked along the road with its left side extending into the highway, a distance of about one foot, that he proceeded to pass the truck, there being sufficient clearance on the highway for two-way traffic and that as the rear of his car was passing the parked truck, the Keller truck, coming westwardly, collided with the left side of his car causing it to travel over to the north side of the road;

that he was on his right-hand side of the road and was not across the broken white line at the time of the impact; that he saw the Keller truck coming from a distance of 700 or 800 feet. Keller was not called as a witness, and as has been previously stated, Stark was the only witness produced to testify as to what actually took place at the time of the collision.

The evidence and circumstances of this case do not establish that the fatality resulted from the negligence of the licensee. The mere happening of an accident which may result in a fatality raises no presumption of negligence.

In Commonwealth v. Cole, 350 Pa. 369, the Supreme Court held that even though section 615 of the Act of May 1, 1929, P. L. 905, as amended by the Act of June 27, 1939, P. L. 1135, provides that the Secretary of Revenue may suspend an operator's license upon a finding that he was operating a motor vehicle involved in an accident resulting fatally to a person, a court may properly reinstate the license where neglience or recklessness by the operator is not proved.

We conclude, therefore, that under the testimony in this case, appellant, David Stark, was not guilty of negligence or recklessness in the operation of his motor vehicle at the time of the fatal accident, and his appeal must be sustained.

### Order

And now, to wit, October 17, 1947, the appeal of David Stark from the order of the Secretary of Revenue of the Commonwealth of Pennsylvania made June 12, 1947, suspending his operator's license for a period of three months, is sustained and said suspension is hereby revoked and annulled. Costs to be paid by appellant. Let an exception be noted and bill sealed for the Commonwealth.