## Commonwealth v. Ponatoski

*Robert V. Moser*, for appellant.
*M. Luther Harter, Jr.*, for Commonwealth.

FORTNEY, P. J., November 17, 1947.—Stanley Ponatoski, while driving his commercial motor vehicle of the R class on a public highway in Northumberland County, during the early afternoon of October 16, 1946, was stopped by a member of the Pennsylvania State Police. An information was subsequently filed in an office of a justice of the peace charging Ponatoski with speeding.

While it is not a part of the record it is to be noted that on May 28, 1947, the case was heard by the court of quarter sessions of this county and Ponatoski was found guilty of speeding and duly sentenced. About

three months later the Secretary of Revenue of the Commonwealth of Pennsylvania, after a hearing before one of his representatives, suspended the operating privilege of Ponatoski for a period of 90 days.

Within the time prescribed by law Ponatoski presented his petition to this court for an appeal from the action of the Secretary of Revenue. The appeal was allowed and the court directed that the appeal act as a supersedeas.

A hearing de novo was had before the court on this appeal October 27, 1947. At this hearing it was developed that the arresting officer, accompanied by two other officers of the Pennsylvania State Police, while on patrol in the early afternoon of October 16, 1946, after clocking the vehicle driven by Ponatoski for more than the required distance, and determining the speed of this vehicle to be 58 miles an hour, caused an information to be lodged against him. The testimony shows that the speedometer on the vehicle driven by the police officer was tested for accuracy within 30 days, and there was offered in evidence a duly authorized certificate of speedometer accuracy. The speed permitted by The Vehicle Code of May 6, 1929, P. L. 903, sec. 1002 (c), as amended, 75 PS §501 (c), on the public highway by vehicles of the R class is 50 miles per hour.

Appellant, Ponatoski, was called as a witness and testified on this particular occasion he checked his speedometer once in a while and it showed 45 to 50 miles an hour—not over 50, because his vehicle, which was loaded, cannot attain a greater speed than 50 miles an hour while carrying a load. Appellant testified further that he earns his livelihood driving this commercial vehicle. That he has been driving for a period of three years last past. On cross examination the testimony of appellant as to the speed he was driving his motor vehicle on this occasion was both evasive and indefinite. When asked when his speedometer was last tested for accuracy, he said he did not know, and that

the highway on which he was clocked by the officer was a down grade.

The appeal in this case is taken in pursuance to section 616 of The Vehicle Code of 1929, as amended, 75 PS §193. The Supreme Court, speaking of this section which allows appeals to the court of common pleas and defines the duties of the court on appeal, says, in Commonwealth v. Funk, 323 Pa. 390, 399:

"The language of the section clearly indicates that it is the duty of the court to hear de novo the witnesses of the Commonwealth and the witnesses of the licensee, and, from the testimony taken, to determine anew whether the operator's license should be suspended."

See, also, Handwerk Automobile License Case, 348 Pa. 263. It was held, also, in Bureau of Highway Safety v. Wright, 355 Pa. 307, that the jurisdiction conferred upon courts of common pleas by this section does not authorize them to act either arbitrarily or capriciously with respect to the reinstatement of a suspended license; there must be a justifiable factual basis for the court's action in the premises.

We are convinced under the testimony that defendant was exceeding the speed limit allowed by The Vehicle Code for the operation of motor vehicles of the R class on a public highway, being the type appellant was driving at the time of his apprehension by the police officer. The Secretary of Revenue fulfilled the statutory mandate by the suspension of appellant's operating privilege. To reinstate this license would be a direct denial of our own findings, which of course would amount to an abuse of discretion. We find no error in the suspension of appellant's operating privilege by the Secretary of Revenue. We do believe, however, that in order to permit appellant to earn his livelihood, and prevent the possibiltiy of appellant and his family becoming a public charge, a restricted license authorizing and permitting him to operate his motor vehicle during the period of suspension, for the pur-

pose of conducting his business, should be issued. This is in compliance with a former decision of this court in the matter of Diehl's Appeal, 15 Northumberland Legal Journal 242, and we make the following

### Order

And now, to wit, November 17, 1947, the appeal in this case is dismissed. Appellant is adjudged guilty of operating his motor vehicle at an excessive rate of speed. The order of the Secretary of Revenue suspending the operating privilege for a period of 90 days is affirmed. The Department of Revenue, automobile division, is directed to issue to appellant, Stanley Ponatoski, a restricted license, permitting and authorizing the said Stanley Ponatoski to operate on the highways his motor truck during the period of suspension for the purpose only of earning his livelihood. This suspension of the operating privilege of the said Stanley Ponatoski to be operative from the date notice of the same is given by the Department of Revenue to Stanley Ponatoski and the issuance to him of the restricted operator's license herein mentioned.