## Commonwealth v. Howell

*Myer A. Kornreich,* for Commonwealth.

*Alexander C. Flick, Jr.,* and *Warren M. Stone,* for defendant.

WADE, P. J., May 4, 1949.—On February 17, 1949, the Secretary of Revenue suspended the operating privileges of Gelston Howell for a period of 90 days, and from this action an appeal was taken to the Court of Common Pleas of Warren County.

On May 28, 1948, defendant, Gelston Howell, was operating a Pontiac sedan, 1947 model, in Middlesex Township, Butler County, along the Butler-Pittsburgh Highway near the Village of Cooperstown. According to the testimony of Henry C. Fagley, a member of the Pennsylvania State police, who took the stand and testified at the hearing on the appeal held April 5, 1949, he had followed the Howell car for some five miles, and that during that distance, and at a time when no traffic intervened, he clocked the defendant's car at a speed of 60 miles per hour for a minimum

distance of one-fourth mile. After thus following defendant's car, the officer testified that he immediately stopped the car and charged the operator-defendant with a violation of The Vehicle Code, section 616, as amended, 75 PS §193. Following this violation a hearing was had before Thomas Simpson, justice of the peace, and defendant was found guilty as charged. After paying the imposed fine, defendant engaged counsel to take an appeal, but his counsel for some reason failed to take such an appeal, and so advised defendant.

On December 7, 1948, a hearing was had before the Department of Revenue and the suspension of defendant's license followed on February 17, 1949. On February 24, 1949, defendant appealed to the Court of Quarter Sessions of Butler County, which appeal was allowed the same day. This defendant delayed filing an appeal from May 28, 1948, until February 24, 1949, seven days after the suspension of his driving privileges. It is doubtful if such an allowance of the appeal, which was made not even nunc pro tunc, could result in an effective decree, because the court is "without power, after the expiration of the five days, to allow an appeal": Commonwealth v. Paulus, 47 Dauph. 17 (1939). In order to allow an appeal after the expiration of the time fixed by the legislature, timely application must be made and there must have been some misleading action by the magistrate, or fraud, "or its equivalent", clearly shown: Marcus v. Cohen, 94 Pa. Superior Ct. 383 (1928). Here it was averred that there was neglect on the part of counsel for defendant, and even though that might be considered an equivalent of fraud, yet, since such an application is addressed to the equitable powers of the court, the long unexplained delay with the intervention of the suspension proceedings, would defeat the application.

In any event counsel for defendant takes the view that since these proceedings are de novo, whatever might be the outcome of the judicial proceedings in Butler County would have no bearing on this case in Warren County: Commonwealth v. Funk, 323 Pa. 390. This court was familiar with that principle of law at the time of the hearing in this case, but took the view at that time that a judicial determination of the very alleged violation here questioned, might be a "factor", as there stated, in hearing the facts "anew", although this court still had to make its own findings. However, counsel for the Commonwealth and counsel for defendant have requested this court to make a determination of this case as it now stands on the record.

The leading case in Pennsylvania is Bureau of Highway Safety v. Wright, 355 Pa. 307 (1946). In that case defendant, at the time of the alleged violation, was driving his passenger car in the County of Erie, between 5 and 5:30 o'clock in the afternoon, and in his attempt to pass a bus traveling in the same direction, at a time and under circumstances which were not safe, was involved in an accident. Defendant was charged with reckless driving, found guilty before a justice of the peace, and his fine was paid forthwith. Following a hearing before the Department of Revenue, the secretary suspended Wright's license for a period of two months. Upon an appeal by defendant, the court below reversed the secretary; the Commonwealth in turn appealed to the Supreme Court which reversed the lower court. It is undisputed that the secretary had the power to suspend the license:

"The Secretary's right to act as he did in the premises is not open to dispute. In the circumstances shown, he was clothed with express authority in relevant regard by Section 615 of The Vehicle Code of 1929, as amended: 75 P. S. §192 (b) 2."

The Supreme Court held in that case (pages 310-11) that since the lower court found that the licensee "was guilty of reckless driving" and the "officer making the arrest would have been derelict in his duty had he not made the arrest", that "Such findings necessarily operated to justify the suspension of the license". If ever there were extenuating circumstances, they existed in that case. Defendant depended not only upon his license as a necessary part of his work as a truck driver, but, being a licensed driver, that was his work. His family situation was most appealing in addition, for he had the sole responsibility for supporting a family of 13 children. Yet the Supreme Court held that the finding of defendant guilty of a violation of The Vehicle Code "necessarily operated to justify the suspension of the license".

Counsel for defendant cites the Handwerk Automobile License Case, 348 Pa. 263, where the court said on page 265:

"In the exercise of the broad power thus conferred by the Legislature, the courts are to administer justice according to the evidence and circumstances presented, and the action of a lower court will not be disturbed except for manifest abuse of discretion."

That case was decided in 1944 and the Wright case was decided in 1946; consequently the principles of the Wright case will have to prevail.

It, therefore, becomes the duty of this court to determine "anew" whether or not in this court the record discloses proof which would convict this defendant, beyond a reasonable doubt, of exceeding the speed limit of 50 miles per hour in violation of The Vehicle Code.

The contention of counsel for defendant is to the effect that the testimony of the officer is not to be believed. Therefore, this court will analyze the testimony of defendant, to determine whether or not defendant

exceeded the 50-mile speed limit on the day and place in question.

It is unquestioned that defendant, Gelston Howell, is a representative of the Ethyl Corporation and that he drives about 25,000 to 30,000 miles per year. Counsel for defendant takes the view:

"In all this time, driving more than 350,000 miles, he has never been accused of speeding. To put it simply: that is a good record. It is an excellent record." According to defendant's own testimony about two years ago he was accused of speeding, but as it developed this defendant pleaded guilty and paid his fine to a charge of improper or unsafe passing. However, the particular point at hand is to determine whether or not defendant did exceed the limit of 50 miles per hour as charged, and to determine whether or not "The alleged actionable violation of the Code was either doubtful or at least not clearly proven". Defendant testified that "I was trying my best to hold my car at 50. It is a hilly road but when I went down hill I might have gone over 50, and I immediately dropped back and I was going under 50 more than I was going over 50". Here is as clear an admission by this defendant as is possible to be made that he was violating The Vehicle Code, not only at one point, but generally. If a person is driving "under 50 more" than he is "going over 50", it certainly follows that he was violating the code frequently. When defendant states that he was "trying" not to violate the code, as was stated by this defendant, it is not entirely exculpatory.

In the Wright case Justice Jones states (355 Pa. 307, 311):

"An examination of our cases where reinstatement by a court of common pleas of an operator's suspended license has been sustained will disclose that the alleged actionable violation of the Code was either doubt-

ful or at least not clearly proven under the testimony adduced at the hearing in court on appeal."

This defendant himself has placed his violation beyond doubt by admitting that he violated the code repeatedly. It must be kept in mind that this is not a question of safe driving or reckless driving, or need there be any element of danger. The legislature has declared that 50 miles per hour is the speed limit, and it must be presumed to have come to this conclusion after careful consideration of the entire traffic and safety problems. This court has no alternative but to accept the acts of the legislature as passed by the will of the people, and, when there is testimony given by defendant himself that beyond a reasonable doubt convicts him of violating the section in question with some degree of regularity, it is impossible for this court to call such violations "merely technical". Therefore, this court cannot conclude, as requested by counsel for defendant, that "the alleged actionable violation of The Vehicle Code by defendant, is doubtful or at least not clearly proven under the testimony . . .", and on the contrary the court must conclude from defendant's own testimony that he did violate The Vehicle Code as charged.

So far as the inconvenience of the suspension is concerned, it is always inconvenient to have a person's license suspended, where a car is used in his work, as it has been inconvenient for a great many over the State who have had their licenses suspended. That this defendant needs his license in his business is beyond question, but in the Wright case the license of defendant was absolutely vital to the welfare of defendant, a truck driver, and to the welfare of his 13 children; and yet, in the Wright case the Supreme Court reversed the lower court for the reinstatement of a license under the most mitigating circumstances.

*Finding of Fact*

1. On May 28, 1948, defendant, Gelston Howell, did violate section 616 of The Vehicle Code, as amended, 75 PS §193, beyond a reasonable doubt.

*Conclusions of Law*

1. The operator's license of defendant, Gelston Howell, should be suspended for a period of 90 days.

*Order*

And now, to wit, May 4, 1949, the court having found as a fact that defendant, Gelston Howell, did violate section 616 of The Vehicle Code, as amended, 75 PS §193, on May 28, 1948, it is hereby ordered, adjudged and decreed that the operator's license of Gelston Howell be and the same is hereby suspended for a period of 90 days, and the action of the Secretary of Revenue be and the same is hereby approved.