## Commonwealth v. Rosinski

*M. L. Harter, Jr.,* for Secretary of Revenue.
*Carlton M. Strouss,* for appellant.

TROUTMAN, J., January 23, 1950.—The Secretary of Revenue suspended petitioner's operating privileges for a period of two months for the reason that he was guilty of reckless driving. The Vehicle Code of May 1, 1929, P. L. 905, sec. 615(*b*) 2, as amended by the Act of June 27, 1939, P. L. 1135, sec. 9, 75 PS §192, provides:

"(b) The secretary may suspend the operator's license or learner's permit of any person, after a hearing before the secretary or his representative, whenever the secretary finds upon sufficient evidence: . . .

"2. That such person has committed any violation of the motor vehicle laws of this Commonwealth;"

An appeal was taken to this court by John Rosinski, Jr., licensee, whose operating privileges were suspended, in accordance with the provisions of section 616 of The Vehicle Code, as amended by section 10 of the Act of 1939, supra, 75 PS §193. The Supreme Court of Pennsylvania has consistently interpreted the Act of 1929, P. L. 905, as amended, supra, as vesting in the court of common pleas power to hear appeals de novo and determine from the evidence adduced before it whether the operating privileges should be suspended: Handwerk Automobile License Case, 348 Pa. 263, 264; Commonwealth v. Cronin, 336 Pa. 469, 473; Commonwealth v. Funk, 323 Pa. 390, 399. All of these cases hold that an appeal to the court is not for the purpose of reviewing the evidence taken before the secretary, and his action thereon, but to hear evidence and determine in the exercise of the court's sound discretion and in the furtherance of justice, whether the license should be suspended: Hardwick Automobile License Case, 348 Pa. 266, 267. See also Commonwealth v. Cole, 350 Pa. 369, 371.

The hearing in this case being de novo, the court cannot consider the action of the secretary nor the testimony taken before his representative. Likewise, it is error to include the record in criminal proceedings against the motor vehicle operator: Commonwealth v. Funk, supra; Commonwealth v. Cronin, supra.

On August 31, 1948, John Rosinski, Jr., was the owner of a motor vehicle known as a White dump truck and was proceeding in a southwardly direction in Ralpho Township, Northumberland County, on

route no. 54 between the Village of Elysburg and the Village of Bear Gap at or near the intersection of said State highway with another public road, which extends in an eastwardly and westwardly direction from the Village of Numedia and the Village of Paxinos.

Appellant testified that he was travelling south on route no. 54 and preceding him in the same direction was a panel truck and in front of the panel truck, another truck, and as he proceeded down grade after going over the crest of a hill, he attempted to pass the vehicles ahead of him. He judged the distance from the point of passing to the intersection at between 400 and 500 feet. He testified that you could not see the intersection from the point where he started to pass. He stated that as he proceeded to pass the vehicles, a car approached on the intersecting road, in a westwardly direction and stopped, with the front of the vehicle on the macadam road; that when he saw the car on the macadam road, he swung his truck into an embankment and upon doing so the rear of his truck swung around and collided with the parked vehicle. Appellant's truck came to rest at about 75 to 100 feet away from the location of the collision.

The operator of the panel truck testified that he was proceeding at between 30 and 35 miles per hour when the truck driven by appellant began to pass him and when the truck was about even with the panel truck it began to skid toward the ditch and skidded back and forth two or three times, struck the car at the intersection and then proceeded for some distance beyond the intersection.

Donald Mowrey, the driver of the car which stopped at the intersection with the main highway, testified that he was travelling west toward the intersection of route no. 54 and the road upon which he was travelling and stopped at the stop sign with the front of his car on the berm but not upon the macadam roadway; that

upon stopping, he saw appellant approaching the intersection passing another car and as he was passing, noticed his truck go into a skid, run into the bank twice and struck his car at the intersection, badly damaging the same and causing some personal injuries to Donald Mowrey.

John F. Simpson, driver of the panel truck, testified that he was travelling between 30 and 35 miles per hour immediately before the accident and that appellant was even with his truck when appellant's truck began to skid. Appellant admitted that he was driving his truck at between 35 and 40 miles per hour. It had rained that morning and the roadway was wet.

After carefully considering all of the testimony in this case, we can come to no other conclusion but that appellant was driving his vehicle in such a manner as to endanger any person or property that might have been lawfully using the highway. He was operating his truck at too great a speed for vehicles of that type and under conditions which he should have known might cause an accident or serious injuries to other people. The highway was wet and apt to be slippery. We are of the opinion that the Mowrey car was not upon the macadam roadway but was immediately east of the edge of the paved highway. In relation to speed we are convinced that the truck was being operated at a high and dangerous rate, not only because of the estimates of speed given by the witnesses, but by the fact that his truck travelled approximately 200 to 250 feet from the time that it had begun to skid, colliding with the embankment several times, then the Mowrey car and careening across the road, coming to rest on the western side of the highway.

We conclude that appellant was guilty of reckless driving on this occasion and being a violation of the provisions of The Vehicle Code, the Secretary of Revenue is within the authority invested in him by

90

virtue of The Vehicle Code, supra, in suspending the operator's license of appellant and appellant's appeal must be dismissed and the suspension reinstated.

We are fully aware that appellant is dependent upon the use of his truck for his livelihood and for this reason it may be a case where the Department of Revenue should grant a restricted license. However, this court has no authority or jurisdiction to direct or recommend the issuance of such a permit, being a matter within the discretion of the Secretary of Revenue.

### Order

And now, to wit, January 23, 1950, appellant's appeal from the action of the Secretary of Revenue of the Commonwealth of Pennsylvania, suspending his motor vehicle operating privileges for a period of two months is hereby dismissed and the order of the Secretary of Revenue in suspending the privileges for a period of two months is hereby reinstated. Costs to be paid by appellant.