## Commonwealth v. Lark

*Frederick C. Lark*, for appellant.

*M. L. Harter, Jr.*, for Secretary of Revenue.

FORTNEY, P. J., September 5, 1950.—John B. Lark, while driving his motor vehicle on a public highway, in Dauphin County, in this Commonwealth, on April 7, 1949, became involved in a collision with another motor vehicle. A member of the Pennsylvania State police was called to the scene and after investigation arrested John B. Lark on a charge of reckless driving.

The Secretary of Revenue, under date of December 1, 1949, after hearing before a departmental representative, suspended the operating privilege of appellant for a period of one month. The reason assigned on the official notification of withdrawal of motor vehicle privileges is "reckless driving".

Within the time prescribed by law, John B. Lark presented his petition to this court for an appeal from the action of the secretary of Revenue and was granted a supersedeas.

A hearing de novo was held August 21, 1950. The factual situation thus developed shows appellant, on this occasion, was driving from Harrisburg to his home in Shamokin, and had arrived at a point one and one-half miles north of Dauphin at about 6:25 o'clock p.m. While thus driving, his car went up a small embankment on his side of the highway, struck a post, careened back on the highway, seemed to straighten out and then went diagonally across the road, striking a car operated by Lynn Row approaching in the opposite direction. In this vicinity there are many "S" shape curves, although it is testified that at the point of collision of the two vehicles the straightaway visibility is at least 400 feet. This highway is 19 or 20 feet wide, of black top macadam construction and is highly crowned. It had been raining, the highway was wet and there was apparently no other traffic at this time. The arresting officer testifies it is difficult to drive on the highway at this point. The witnesses for the Commonwealth testify they saw appellant's car approaching and it was not going very fast.

Appellant himself testifies that he is a medical doctor and on this occasion, in an attempt to avoid the vehicle approaching him, his car skidded off the highway, struck a pole, came back on the highway and collided with the oncoming car. The force of the impact threw

him against the windshield, striking his head. He testifies further that at this time he was driving 20 to 25 miles per hour.

The appeal in this case is taken in pursuance to section 616 of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §193. The Supreme Court, speaking of this section, which allows an appeal to the court of common pleas and defines the duties of the court on appeal, says, in Commonwealth v. Funk, 323 Pa. 390, 399:

"The language of the section clearly indicates that it is the duty of the court to hear de novo the witnesses of the Commonwealth and the witnesses of the licensee, and, from the testimony taken, to determine anew whether the operator's license should be suspended." See, also, Handwerk Automobile License Case, 348 Pa. 263. The Vehicle Code of 1929, sec. 1001, as amended, defines reckless driving to include the following:

"Sub-section (a) : Any person who drives any vehicle . . . upon a highway carelessly and wilfully, or wantonly disregarding the rights or safety of others, or in a manner so as to endanger any person or property."

The act constituting the offense contains three distinct elements, any one of which may be considered as a violation of the charge. The first is that "Any person who drives any vehicle . . . upon a highway carelessly and wilfully is guilty of reckless driving". The second element is "wantonly disregarding the rights or safety of others". The third is "in a manner so as to endanger any person or property". A thorough consideration of the testimony leads us to the conclusion that none of these elements are legally proven. A driver of a motor vehicle may have an accident with another motor vehicle when he is using his utmost effort to avoid injury or danger to others or their property. Hence, the following

*Order*

And now, to wit, September 5, 1950, the appeal is sustained. The Department of Revenue, Bureau of Motor Vehicles, is directed to reinstate the license of appellant, John B. Lark.