## Commonwealth v. Shergle

*Harold V. Fergus*, for Commonwealth.
*David H. Weiner*, for appellant.

CARSON, J., October 24, 1951.—Walter Shergle, a licensed operator of a motor vehicle in the Commonwealth of Pennsylvania, was arrested on September 22, 1949, by an officer of the Pennsylvania State Police, charged with exceeding the statutory speed limit of 50 miles per hour. Without a hearing, defendant paid a fine and costs to a local justice of the peace. On January 31, 1950, the Secretary of Revenue suspended defendant's operating priviliges for a period of 90 days. From this action, an appeal has been taken to this court. For reasons which were not explained, the appeal was not brought before the court until October 22, 1951. This long delay, admittedly, prevented the witnesses on both sides from being able to give clear and distinct recollections of just what happened. This is understandable, as the State patrolman has had hundreds of similar cases since that time, and had to rely almost entirely upon his brief memoranda. Defendant, who was driving from his home to his work, has traveled this same road thousands of times, and defendant's witness, a service station operator, has also traveled this road many times, often in company with defendant.

A hearing was held de novo and, from the evidence submitted, we find: That the weather was clear, the offense occurred on a four-lane highway during the day time, defendant was proceeding southwardly between Pittsburgh and Washington, there was a congestion in the traffic, particularly in the right-hand lane, in a built-up section and, after this congestion was cleared, the highway patrolman was clocking a truck ahead of him, when defendant pulled around them to the left, and passed in the clear lane. After completing a slow right curve, the roadway was clear, and defendant exceeded the 50-mile per hour speed limit,—he admitted a speed of 55 miles per hour—the officer chasing defendant testified that his speedometer registered 70 miles per hour.

Defendant is an automobile dealer, having his place of business in Crafton, a suburb of Pittsburgh, and his residence in Canonsburg, 20 miles distant. He has been operating automobiles for 28 years. This is the first time that he has been prosecuted for speeding, and he has never been charged with reckless driving.

It is the duty of this court, under section 616 of The Vehicle Code, "to hear de novo the witnesses of the Commonwealth and the witnesses of the licensee, and, from the testimony taken, . . . determine anew whether the operator's license should be suspended": Commonwealth v. Funk, 323 Pa., 390, 399.

The argument that defendant has paid his penalty when he paid his fine is disregarded. The legislature is presumed to have understood the law and a double penalty is not provided. The penalty imposed by the justice of the peace is a penal provision, while the revocation of the driver's license by the secretary is a civil proceeding, sanctioned by law: Bureau of Highway Safety v. Wright, 355 Pa., 307, 310, 311.

Section 52 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46PS §552, provides:

"In ascertaining the intention of the Legislature in the enactment of a law, the courts may be guided by the following presumptions among others: . . . (4) That when a court of last resort has construed the language used in a law, the Legislature in subsequent laws on the same subject matter intend the same construction to be placed upon such language."

The courts should not interfere with the administrative duty of the governments' agencies. However, to protect a defendant from an arbitrary exercise of power on the part of the Secretary of Revenue, the legislature has placed upon the courts the duty of protecting its citizens: Commonwealth v. Cronin, 336 Pa., 469, 474.

In a much cited opinion written by the late Justice Patterson, in Handwerk Automobile License Case, 348 Pa. 263, 265, he clarified the confusion existing in the lower courts when he said:

"The obvious intent of the Legislature was to vest in the several courts of common pleas broad discretionary power . . . In the exercise of the broad power thus conferred by the Legislature, the courts are to administer justice according to the evidence and circumstances presented . . ."

So considering this case, it is for this court to determine whether defendant should have his driver's license revoked.

This case is distinguished from the line of cases in which the courts have found there was not a single word in mitigation of the offense, and where defendant was also guilty of reckless driving, or, in the operation of cars, had violated other laws, either before or after the instant violation. It is the unquestioned duty of the Secretary of Revenue and of the court to revoke or suspend the driver's license where a defendant has

been guilty of conduct which ordinarily connotes danger to life, limb or property. This instant case is clearly distinguished from those cases.

This opinion is not to be interpreted to mean that a speed violation alone is not sufficient to justify a suspension of an operator's license. Had this defendant traveled at 55 miles per hour when he was passing the line of congested traffic two miles farther north, then his license would have been suspended.

The legislature, by the manner in which it has, from time to time, amended this act, clearly intended that the courts should be empowered to see that the laws were justly administered, and the rights of citizens protected when the laws were not so administered.

The court finds there was no evidence adduced at the hearing other than that defendant had driven at a speed in excess of 50 miles per hour in passing a truck on a clear, dry, four-lane highway; that there were no aggravating circumstances attending the infraction, such as carelessness or recklessness in the operator's control of the car; that at the time and place of the infraction there was little other traffic on the highway.

The best evidence of petitioner's compliance with the law is that, in driving 28 years and over 60,000 miles as an automobile dealer, he has never before been charged with speeding, nor has be been charged with reckless driving, nor any other offense of a similar nature.

Therefore, as required by section 616 of The Vehicle Code of 1929, P. L. 905, as amended, the court has heard de novo the witnesses of the Commonwealth and the witnesses of the licensee and, from the testimony taken, determines that defendant's operator's license should not be suspended: Commonwealth v. Wagner, 364 Pa. 566, 569.

Wherefore, the following

*Decree*

And now, to wit, October 24, 1951, after full and complete hearing de novo, the appeal of defendant is sustained. The order of the Department of Revenue suspending the license of Walter Shergle is reversed. The costs are to be paid by the Commonwealth of Pennsylvania.