## Mitchell License

*Christy, Harry & Jones,* for Commonwealth.

*Wisler, Pearlstine, Talone & Gerber,* for appellant.

DANNEHOWER, J., August 28, 1952.—This petitioner, John S. Mitchell, appeals from an order of the Secretary of Revenue suspending his motor vehicle operator's license for 90 days. The reason stated for the suspension of the license was speeding.

The authority of the secretary is predicated upon the Act of June 27, 1939, P. L. 1135, sec. 9, 75 PS §192, which enables the Secretary of Revenue to suspend a license if after a hearing the secretary finds that the person has committed any violation of the motor vehicle laws. The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 5, 1947, P. L. 399, secs. 1 and 2, 75 PS §501, declares it unlawful to operate a motor vehicle upon the highway at a rate of speed in excess of 50 miles per hour.

On August 4, 1951, petitioner was operating a passenger bus owned by his employer, Schuylkill Valley Lines, Inc., on Bethlehem Pike in Richland Township, Bucks County, near Quakertown, Pa., when he was stopped by State Policeman Kenneth D. Stumpf and asked how fast he was going. The petitioner answered about 52 or 53 miles per hour. The State policeman reported petitioner as going 65 miles per hour. At the time of the arrest, petitioner was driving about 45 persons from Norristown to Dorney Park, near Allentown, Pa., to participate in an industrial picnic, and was driving one of a number of vehicles dispatched by his company to take the employes of the John Wood Company to the picnic grounds.

Following his summary conviction petitioner paid a fine and appealed to the Court of Quarter Session of Bucks County, where President Judge Keller sustained the conviction. Some time afterward, the Secretary of Revenue notified petitioner of the license suspension for this traffic violation from which he herewith appealed.

Briefly, the evidence established that petitioner, John S. Mitchell, is a resident of Centre Square, Montgomery County, Pa. Petitioner was driving the bus of his employer, Schuylkill Valley Lines, with 45 passengers on Bethlehem Pike in Richmond Township, Bucks County, Pa., at 9:20 a.m., on August 4, 1951, when he was hailed by State Policeman Kenneth D. Stumpf. Corporal Stumpf charged petitioner with driving 65 miles per hour. Petitioner admitted to driving in excess of the speed limit, but said that he was going 52 or 53 miles per hour. A certificate of accuracy showing that the speedometer of the police officer was tested and found accurate within 30 days from the violation was produced. The highway at the point where the clocking took place is three lanes wide. There was very little traffic, the weather was clear and dry, and visibility was very good. The driver was not reckless or careless in his control of the vehicle. Corporal Stumpf followed defendant for a half mile before stopping him. At the time officer Stumpf was clocking petitioner, there was a truck between the police officer's car and the bus, the drivers of which were arrested at the same time.

Petitioner has operated a motor vehicle for the past 12 years and has never been involved in any violation of The Vehicle Code. For a number of years he drove a milk truck. The past two years he has been driving for Schuylkill Valley Lines. He depends upon driving to earn a livelihood for his wife and child, one year old.

*Discussion*

The Act of June 27, 1939, P. L. 1135, sec. 10, as amended, 75 PS §193, confers upon the common pleas court the duty to take testimony, examine into the facts of the case, and determine whether petitioner's license should be suspended as determined by the Secretary of Revenue.

In Handwerk Automobile License Case, 348 Pa. 263, 265 (1944), it was said:

*"The obvious intent of the legislature was to vest in the several courts of common pleas broad discretionary power. . . .* In the exercise of the broad power thus conferred by the legislature, the courts are to administer justice according to the evidence and circumstances presented, and the action of a lower court will not be disturbed except for manifest abuse of discretion." See also Commonwealth v. Wagner, 364 Pa. 566 (1950).

In Commonwealth v. Grazioli, 73 D. & C. 145 (1950), the license suspension was revoked by the Northumberland court. There the arresting officer testified that he had clocked the operator at 70 miles per hour; the driver stated, and the court believed him, that he was driving only slightly over 50 miles an hour; the offense occurred on a dry highway where there were no other vehicles; there was no negligent driving; the driver needed his license in order to get to work, and he had been driving for 20 years without previous arrest. A similar conclusion was reached in Seltzer License, 75 D. & C. 574 (1950), on a charge of speeding at 60 miles an hour, when the weather was dry, in the daytime, and there was a history of no other violations.

In Handwerk Automobile License Case, supra, Schwartz Automobile License Case, 348 Pa. 267 (1944), Commonwealth v. Wagner, supra, the lower courts' determination that circumstances existed requiring the removal of license suspension was judicially

sanctioned. The factual pattern in all these cases is similar to the Northumberland and Berks County cases above-cited and the instant case: a highway three lanes wide; there was not much traffic; the weather was clear and dry; the operator was charged with driving at 65 miles an hour which was in excess of that which he could have been going, due to the governor on the bus set at 58 miles per hour; petitioner has operated a motor vehicle for 12 years without any violation of The Vehicle Code and depends upon driving a bus to earn a livelihood for his family.

Under all of these conditions, bearing in mind particularly (a) that the bus driver was not reckless or driving at a rate much more than several miles an hour above the 50 miles per hour limit, (b) his record, (c) that driving a truck or bus is his vocation, and (d) that he has already paid a fine, the action of the Secretary of Revenue in suspending the operator's license should be vacated. The suspension is unmerited considering the conflict in evidence concerning the speed, together with the various extenuating circumstances.

We are neither unmindful that speeding is the most common traffic violation causing death and that the suspension of the operator's license of the speeder is, perhaps, the most effective deterrent, nor unmindful that this operator was driving a public vehicle carrying 40 some persons at the time of the arrest. However, suspending a license for this first violation offender who depends upon driving to earn a living, and which violation is not serious under the circumstances, seems so excessive as to be unjust.

And now, to wit, August 28, 1952, the appeal of John S. Mitchell from the action of the Secretary of Revenue in suspending his motor vehicle operating privileges is sustained, and the Secretary of Revenue is directed to reinstate the operating privileges of appellant. Costs are to be paid by appellant.