## Wensel License

*Paul P. Wisler*, for Secretary of Revenue.

*Robert Trucksess*, for appellant.

KNIGHT, P. J., February 3, 1955.—At the hearing of this appeal there were developed the following

### Facts

I. Appellant operates a tractor-trailer with which he hauls coal from the mines to customers in the vicinity of Pottstown, Montgomery County.

II. On May 13, 1954, appellant was driving his loaded vehicle eastward over the Pennsylvania Turnpike in Montgomery County. At that time the eastern extension of the turnpike was being constructed and the toll gate or house was situated three and one-half

miles west of where the construction work was then in progress. Up to the 325-mile marker the speed limit for appellant's vehicle was 50 miles an hour, but between the 325-mile and the 326-mile markers the speed was restricted by signs to 35 m. p. h.

III. Appellant drove his vehicle from the toll house to the 325-mile marker at a speed of from 45 to 50 m. p. h. which was the legal speed on the turnpike for his truck. He entered the 35 m. p. h. zone at a speed in excess of 35 m. p. h. but was stopped by an officer of the Pennsylvania State Police when he had gone but a short distance in the m.p.h. zone.

IV. The police officer made information before a justice of the peace and a notice was sent to appellant. He ignored the notice after which a warrant was issued. There apparently was no hearing, but appellant paid a fine and costs.

V. On August 30, 1954, appellant received a letter from the Director of the Bureau of Highway Safety informing him that by reason of his conviction he was subject to a suspension of 90 days. It also informed him that he could submit an explanation of the circumstances, or, if demanded, a hearing before a representative of the Secretary of Revenue. In big letters at the top of the communication appeared these words: "Note—This is not a Suspension Notice."

VI. Appellant demanded a hearing which was held in Norristown on November 24, 1954. On December 7, 1954, the secretary suspended appellant's operating privileges for six months. This appeal followed.

VII. Appellant is a frequent violator of The Vehicle Code. His record shows 13 violations in the last 10 years. He has had his operating privileges suspended twice for speed violations, each suspension for 90 days, and he has one suspension for six months for misstatement of facts.

## Discussion

We have given much study to this case; the penalty imposed is severe and the danger of an injustice is there..

The violation is alleged to have taken place on a section of the Pennsylvania Turnpike which was being constructed. For more than three miles the legal speed limit for appellant's vehicle was 50 miles per hour, then it dropped down to 35 m.p.h. and appellant is charged with violating this limit.

The police officer testified that he followed appellant for a quarter of a mile before entering the 35-mile speed zone and then he clocked him for a quarter of a mile in the 35 m.p.h. zone at 55 miles per hour. Appellant and his two witnesses testified that appellant was stopped after he traversed only three or four truck lengths in the 35 m.p.h. zone. It may be that the officer clocked him for a quarter of a mile before reaching the 35 m.p.h. zone at 50 m.p.h. and then stopped him as soon as he entered the 35 m.p.h. zone. The officer charged him with violating the 35 m.p.h. zone and he paid a fine and costs. We have treated the payment of a fine as equivalent to a plea of guilty, but it is not always conclusive of guilt. Many people will pay a fine and costs even though they believe themselves entirely innocent, in order to avoid the trouble and expense of defending themselves before a magistrate or justice of the peace. Counsel for appellant, in his brief, states that he advised appellant to pay the fine and costs rather than appear before the justice, although appellant from the first proclaimed his innocence.

In the case of Kozich Appeal, 89 D. & C. 96, defendant was charged with involuntary manslaughter and driving while under the influence of liquor and was acquitted by the jury on both charges. The Secretary of Revenue suspended Kozich's oper-

ating privileges for a period of one year and this court sustained the secretary despite the verdicts of not guilty. In Commonwealth v. Cunningham, 43 Schyl. 60, the court held that an acquittal of reckless driving was not conclusive in a proceeding to suspend Cunningham's operating privileges for the same offense.

We believe appellant paid the fine and costs in this case as a matter of expediency rather than as an admission of guilt. When a trier of fact has before him a bad record of a defendant, that record is very apt to consciously or unconsciously influence his judgment in the case he is trying. For that reason criminal records, except under certain conditions, are excluded in jury trials. Here the record shows the representative of the Commonwealth had before him the bad record of appellant when he held the hearing in Norristown. We think this was prejudicial to appellant. Appellant and his two witnesses, one a rider with him and the other the driver of a truck following him, all testified that he was stopped by the officer when he had gone but a very short distance into the 35 m.p.h. zone.

Under his own testimony, however, we have no difficulty in finding that he was at least guilty of a technical violation of the law. Although he testified that he slowed up, we are convinced that he was going in excess of 35 m.p.h. when he entered the 35 m.p.h. zone.

Counsel for appellant calls our attention particularly to the Handwerk Automobile License Case, 348 Pa. 263. That case does not help appellant. The Supreme Court did not say that the testimony produced warranted the reversal of the secretary's suspension, but only that the court could not say that the lower court abused its broad discretionary power.

Counsel for appellant is in error when he says that appellant was first given a 90-day suspension which was upped to six months. The letter of August 30,

1954 was a form letter which stated only that appellant was "Subject to a suspension of 90 days" but specifically stated that it was not a suspension notice. The suspension was only imposed after the hearing.

We are of the opinion that under the peculiar circumstances of this case the penalty was too severe even in the light of appellant's bad record.

And now, February 3, 1955, the appeal is dismissed, the order of the Secretary of Revenue is modified and the operating privileges of Leroy Wensel are suspended for a period of 90 days from this date.