## McQuaide License

*Gleason, Krumenacker & Gibson,* for appellant.

*Edward F. Peduzzi,* for Commonwealth.

MCDONALD, J., May 12, 1956.—This is an appeal from an order of the Secretary of Revenue suspending indefinitely, without hearing, the operator's license of appellant under the provisions of The Vehicle Code of May 1, 1929, P. L. 905, article VI, sec. 615(*a*) 1, 75 PS §192. During the period January 24, 1954, until October 19, 1955, appellant had been convicted of nine summary violations of The Vehicle Code as

follows: Speeding (4), reckless driving (1), failure to stop at stop sign (1), overloading (2), too fast for conditions (1).

The right to operate a motor vehicle upon the highways of this Commonwealth is a privilege granted by the State. The legislature, acting within its police powers, has conferred upon the Secretary of Revenue the authority to grant, suspend and revoke operating privileges. This is an administrative, rather than a judicial, function: Commonwealth v. Funk, 323 Pa. 390.

The Secretary of Revenue may, under section 615 (a) 1, of The Vehicle Code, upon sufficient evidence, suspend, without hearing, the operator's license of one who is incompetent to operate a motor vehicle or tractor. This is a salutary provision for in some cases it is likely that his investigation would disclose sufficient evidence of incompetency to warrant an immediate suspension of an operator's license so that the lives and property of persons using the highways might be protected. This is particularly applicable to those who may have, or develop, mental or physical incapacity. However, the right to suspend summarily may also be used when the Secretary has sufficient evidence that an operator lacks the ability or fitness, for reasons other than mental or physical, to operate a vehicle.

In the present case, appellant was advised when suspended, that as a result of information as to his repeated violations of The Vehicle Code: "It is questionable whether he is a proper person to possess the privilege to operate in this Commonwealth." A departmental hearing was refused until the operator's card was surrendered. Hence this appeal under section 616, 75 PS §193, of the code.

The Commonwealth argues that the appeal should be dismissed, appellant directed to surrender his li-

cense, and submit to a departmental hearing. This would imply that the suspension was interlocutory and hence no right of appeal. We regard a suspension, either with or without hearing, as appealable under section 616. If one believes himself aggrieved by an order of the Secretary of Revenue, he may have recourse to this court for a judicial determination. In effect, this is a waiver of the departmental hearing and the court hears the matter de novo, examines into the facts and determines whether the suspension will be sustained or reversed: Commonwealth v. Funk, supra; Commonwealth v. Cronin, 336 Pa. 469; Handwerk Automobile License Case, 348 Pa. 263; Commonwealth v. Emerick, 373 Pa. 388.

An order which deprives one of his operator's license, whether impliedly interlocutory or not, is a suspension under the law and appealable to this court.

The troublesome aspect of a suspension without hearing is, when should the common pleas court make an appeal a supersedeas? When the order of suspension refers only to the applicable section of the code, and gives no details of the "sufficient evidence" upon which the suspension is based, the court has no information to guide its discretion in superseding the order. It would be unjust for the court to refuse a supersedeas in all cases, and at times, a supersedeas may restore the license, pending appeal, of an operator who is incompetent and thereby permit one who is a menace to continue operating a vehicle on our highways. It is suggested that the Secretary of Revenue, in such cases, specifically advise the operator of the nature of his incompetency so that the court may be guided in making a proper order on appeal.

Here we must determine whether the evidence discloses incompetency. The Commonwealth submitted appellant's record of nine convictions of violations of the code, and rested. We must decide, therefore,

whether the Secretary of Revenue may suspend the license of an "habitual violator" as an incompetent operator.

Incompetency is generally defined as a lack of ability or fitness. There is no evidence here of mental or physical disability and we must determine, therefore, whether appellant lacks ability, or in some other manner is unfit to operate a motor vehicle. The record affords us no help. One who is convicted of speeding, reckless driving, overloading and failure to stop at a stop sign, as in this case, may or may not be an incompetent operator, the mere record of convictions is not sufficient evidence to so find.

The code does not authorize suspension of an habitual violator as such. In fact, the right to suspend for such cause was provided in the Act of 1919, but repealed by the Act of 1927. Undoubtedly the legislature recognized the difficulty of defining an "habitual violator". Did it mean two or ten violations? Was the nature of the violation material? Conceivably a host of other questions may well arise in trying to define this term.

We conclude, therefore, that the Secretary of Revenue may not, solely on the record of repeated convictions, without more evidence of incompetency, suspend the operating privileges of an habitual violator.

This conclusion is reached reluctantly because we recognize that appellant has flagrantly flaunted the laws of this Commonwealth which were designed, under the police powers of the legislature, to regulate traffic and protect the lives and property of all citizens using the highways. Since the Secretary may resort to other provisions of the code to restrict or prohibit appellant from further exhibiting his disregard of the law, we shall sustain this appeal without prejudice to the Secretary of Revenue to institute appropriate action.

We make the following findings of fact:

1. Appellant was convicted of nine summary violations of The Vehicle Code during the period of January 24, 1954, to October 19, 1955.

2. Appellant's operator's license was suspended after two convictions of speeding for a period of 180 days and restored on February 25, 1955.

3. On August 9, 1955, appellant's operator's license was suspended for a period of three months after a conviction for reckless driving, but said suspension was reversed on appeal by this court.

4. The Secretary of Revenue on January 20, 1956, indefinitely suspended appellant's operator's license for incompetency. This appeal was taken from this order.

We make the following conclusions of law:

1. The Secretary of Revenue may suspend an operator's license without hearing under section 615 (a) 1, of The Vehicle Code when he has sufficient evidence that the operator is incompetent to operate a motor vehicle or tractor.

2. An appeal may be taken to the common pleas court from the suspension of operator's privileges without hearing and said appeal shall be heard de novo.

3. The mere record of repeated violations of The Vehicle Code without more is not sufficient to sustain the suspension of the operator's license of appellant as being incompetent to operate a motor vehicle.

We, therefore, make the following

## Order

Now, May 12, 1956, the appeal is sustained and the Secretary of Revenue is directed to restore the operator's license of appellant. This order is without prejudice to the right of the Secretary of Revenue to institute such further action and appropriate proceedings as he may deem fit under the circumstances.